Argued October 7, reversed November 3, 1926.

# STATE v. R. B. SWANSON.

(250 Pac. 216.)

**Criminal Law.**

1. Under Sections 1390, 1391, Or. L., no change of venue may be granted in prosecution for assault and battery, it not being felony.

**Criminal Law.**

2. Change of venue, when allowable, is within discretion of trial judge.

**Assault and Battery—Statements of Bystanders Encouraging Defendant Held Inadmissible, in Prosecution for Assault and Battery, Without Showing He Authorized Them.**

3. In prosecution for assault and battery, it was error to admit evidence that, during scuffle between officer and defendant, some bystanders encouraged defendant to beat officer, since there was no testimony to indicate that defendant authorized such statements.

**Assault and Battery—Defendant Charged With Assaulting De Facto Police Officer cannot Question Officer's Qualifications.**

4. In prosecution for assault and battery upon police officer, it was not error to refuse to permit defendant to prove that officer was not qualified police officer, since this was collateral issue and out of place to turn trial, upon indictment, into *quo warranto* to determine title of officer to position, and for purpose of this case it was sufficient that he was shown to be *de facto* officer.

**Assault and Battery—Ordinances Defining Offenses Held Admissible, Under Testimony, in Prosecution for Assaulting Officer Attempting to Arrest Defendant Without Warrant.**

5. In prosecution for assault and battery upon police officer who had arrested defendant without warrant, it was not error to permit state to introduce in evidence, sections of certain ordinances of city defining offenses against city, where there was testimony to which each of ordinances applied authorizing officer to arrest without warrant, if violated in his presence.

**Criminal Law—Refusal of Instruction Substantially Given in Charge is not Error.**

6. It was not error that court refused defendant's request to instruct when peace officer may arrest person without warrant and that any other arrest would be unlawful, where substantially same instruction was given in charge.

2. See 27 R. C. L. 815.
6. See 14 R. C. L. 752.

Assault and Battery — Refusal of Instruction on Self-defense in Resisting Illegal Arrest Held Error in Prosecution for Assaulting Officer.

7. In prosecution for assault and battery upon police officer who arrested defendant without warrant, it was error to refuse instruction of self-defense, since person has right to defend himself against illegal arrest with such force as may be reasonably necessary to repel assault involved in such wrongful detention.

Arrest.

8. Police officer arresting defendant following difficulty in his presence need not, under Section 1765, Or. L., inform defendant of cause of arrest.

Assault and Battery.

9. Charge that defendant admitted assault and battery on police officer *held* erroneous where his defense was that he rightfully resisted unlawful arrest.

Criminal Law.

10. No crime is committed by lawfully resisting commission of crime upon one's person.

Arrest, 5 C. J., p. 420, n. 21.
Assault and Battery, 5 C. J., p. 750, n, 72, 73.
Criminal Law, 16 C. J., p. 202, n. 36, p. 204, n. 59, p. 213, n. 71 New, p. 543, n. 44, p. 642, n. 35, p. 741, n. 29, p. 1063, n. 85.

From Clatsop: J. A. Eakin, Judge.

Department 1.

REVERSED.

For appellant there was a brief over the name of *Mr. G. G. Schmidt* with an oral argument by *Mr. James W. Mott.*

No appearance by respondent.

BURNETT, J.—The defendant was convicted in the Circuit Court of the crime of assault and battery and has appealed.

In substance, the controversy involved is as follows: The defendant was standing on one of the

10. See 2 R. C. L. 549.

streets of Astoria talking to an acquaintance, there
being other parties to the number of fifteen or twenty,
according to some of the testimony, standing about,
but there was no disturbance going on. A police
officer came up and ordered the crowd to move on.
They accordingly got upon the sidewalk and there is
testimony to the effect that the defendant engaged
in an altercation with the officer when the latter
seized him, informing him he was under arrest and
dragged him into a soft-drink establishment adjacent
for the purpose of telephoning to the police head-
quarters for a wagon to take him to the city jail.
There is a dispute in the testimony about whether the
officer informed the defendant of the cause of his
arrest although the defendant demanded to know the
same. A *melee* ensued between the two during which
the defendant undertook to escape and get away
from the officer, resulting in the defendant's cloth-
ing being torn. In resisting the attempt to escape,
it is said the officer struck the defendant with his
club. Other witnesses declared that the defendant,
after demanding his release, struck the officer in the
face. From then on a scuffle ensued in which the
officer undertook to use his club and the two of
them, in their struggle, fell through a glass door
or window of the establishment and some witnesses
said that the defendant was on top of the officer,
striking him repeatedly in the back of his head.
The officer was fighting back with his club which the
defendant succeeded in taking from him. Then the
officer managed to draw his pistol and fired several
shots while the defendant was lying upon him in the
scuffle without any taking effect. A bystander came
up and took away the pistol, when the defendant
escaped but was arrested the next morning.

1, 2. On this appeal by the defendant, it is assigned as error that the court erred in refusing to allow the defendant's motion for a change of venue. He made affidavit of the publication of sundry prejudicial articles in the newspapers. There were no opposing affidavits filed. This, however, does not make the showing of the defendant conclusive. A change of venue, when allowable at all, is within the discretion of the trial judge, which cannot be gainsaid unless an abuse of that prerogative is shown. Moreover, a change of venue may not be had except in cases where the crime charged is a felony: Sections 1390, 1391, Or. L. That assignment is without merit.

3. There is evidence to the effect that during the scuffle between the officer and the defendant, some of the bystanders, not in any way engaged in the contest, shouted to the defendant, encouraging him to beat the officer and otherwise injure him, the details of which are not necessary to state. This was error as there is no testimony to indicate that the defendant authorized the statements to be made. They were not binding upon him in this litigation: *Bradshaw* v. *Commonwealth,* 10 Bush (73 Ky.), 576.

4. The court refused to permit the defendant to prove by the introduction of the bond of the officer that the latter was not a qualified police officer of the City of Astoria and this is assigned as error. The ruling of the court was right. It would be a collateral issue and entirely out of place to turn a trial upon an indictment into a *quo warranto* to determine the title of the officer to the position which he held. It was enough for all the purposes of this case that he was shown to be a *de facto* officer.

5. There was no error in permitting the State to introduce in evidence sections of certain ordinances. of the City of Astoria, defining offenses against the city. There was testimony to which each of the ordinances might apply, authorizing an officer to arrest without a warrant if the violation of either of them was committed in his presence.

6. It is assigned as error that the court was wrong in refusing the defendant's request to give the jury an instruction as to when a peace officer may arrest a person without a warrant and that any other arrest would be unlawful. Substantially the same instruction was given in the charge to the jury by the judge and, hence, there was no error in that respect.

7. In the matter of self-defense, the defendant requested the following instruction:

"I further instruct you that if in resisting an illegal arrest the person arrested is placed in danger of bodily harm, or in reasonable fear of bodily harm, he may protect himself from such danger or threatened danger with whatever means may be necessary to make that protection effective."

It was error to refuse this instruction. A person has a right to defend himself against an illegal arrest and to do so with such force as may be reasonably necessary to repel the assault involved in such wrongful detention, but the force used in defense must not be in excess of proportion to the force unlawfully applied in the attempt to arrest.

8. Section 1765, Or. L., requires that:

"When arresting a person without a warrant, the officer must inform him of his authority and the cause of the arrest, except when he is in the actual commission of a crime, or is pursued immediately after its commission, or an escape."

Beyond dispute in the testimony, the whole transaction out of which this litigation arose occurred in the immediate presence of the officer and with the participation of the defendant. Both the defendant and the officer knew all that happened and there was no necessity of giving the former any information contemplated by the statute. Consequently, it would come within the exception of the enactment just quoted and the instruction would be academic. There was no error in refusing it.

9, 10. In charging the jury on the right of self-defense, the court several times stated that the defendant had admitted the assault and battery. The whole theory of the defendant was that what he did was committed in self-defense. If that were true, there was no admission of assault and battery. A person resisting an unlawful arrest, using no more force than is reasonably necessary to prevent the same, does not commit a crime and, hence, does not commit assault and battery. No crime is committed by lawfully resisting the commission of a crime upon one's person. There was error in the instructions of the court as pointed out.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

McBRIDE, C. J., and BROWN and COSHOW, JJ., concur.