Argued March 1, reversed and remanded May 12, 1965

# STATE OF OREGON v. CLIFTON

401 P. 2d 697

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*John D. Burns,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Harold J. Blank, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of conviction of the crime of assault while being armed with a dangerous weapon. It is contended that defendant's constitutional rights to counsel and to remain silent were violated.

Defendant made incriminating statements during interrogation by police officers. Defendant was not informed of his constitutional rights before the interrogation. When the police officers testified no objection was made to their testimony relating to the incriminating statements. The state concedes that if objection had been made there would be reversible error. The only question on appeal is whether defendant's failure to object constitutes a waiver of his constitutional rights to counsel and to remain silent.

■ At the time of the trial *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed2d 977 (1964) had not been decided. It is probable that if it had been decided at the time of defendant's trial appropriate objections would have been made. Under these circumstances we believe that the failure to object to the testimony of the police officers did not constitute a waiver of defendant's constitutional rights.

We express no opinion as to whether a failure to object would constitute a waiver in a case tried after *Escobedo v. Illinois,* supra.

■ The fact that the present case was tried prior to the decision in *Escobedo v. Illinois,* supra, does not present a question of the retroactive effect of the

*Escobedo* case because it is our view that a newly pronounced principle of constitutional law is operative with respect to all cases being tried or upon direct appeal in the courts of this state at the time of the pronouncement. See *People v. Stewart,* 43 Cal Rptr 201, 400 P2d 97 (1965). It is not necessary to decide whether the principle in *Escobedo* is to be given effect in cases where a judgment of conviction together with final disposition on direct appeal preceded the decision in *Escobedo.* See *In re Lopez,* 42 Cal Rptr 188, 398 P2d 380 (1965); *State v. Johnson,* 43 NJ 572, 206 A2d 737 (1965); and compare *U. S. ex rel Durocher v. LaValle,* 330 F2d 303 (2d Cir 1964).

Judgment reversed and cause remanded for a new trial.