Argued March 4, reversed and remanded June 3, 1965

## STATE OF OREGON *v.* LeBRUN

402 P. 2d 515

*Allen L. Fallgren,* Beaverton, argued the cause for appellant. With him on the brief were Fallgren & Freerksen, Beaverton.

*John D. Burns,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, PERRY, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

The defendant, Phillip Allen LeBrun, was convicted in Multnomah county of the crime of larceny in an office (ORS 164.320), and sentenced to the penitentiary for a term of four years. He appeals, and contends that his constitutional rights to counsel and to remain silent were violated.

Defendant's younger brother was employed at an animal hospital in Portland, where he had access to a safe in which were kept certain pills, some of which contained narcotic drugs. One of the owners of the hospital learned that some of the pills were missing and reported the loss to the police. The police first arrested defendant's brother, who admitted participating in the theft and signed a statement accusing defendant of complicity in the crime. The police then went to defendant's home and questioned him about the theft. Defendant denied any knowledge of the crime, but when informed of the statement made by his brother, agreed to go to the police station with the police to "clear the matter up." At the police station defendant was questioned again and then confronted with his brother. After some exchange of accusations between the brothers, defendant returned to his home with the police and gave them the pills. Defendant was then taken back to the jail, where he was further interrogated and signed a written confession which was introduced in evidence at his trial. This third period of interrogation could only have been for the purpose of eliciting incriminating statements. It is conceded that defendant was not advised

of his right to counsel at any time prior to his confession. The record indicates that only during or immediately prior to the last interrogation which culminated in his confession was defendant informed of his right to remain silent.

It is doubtful whether notice of his right to remain silent was given in time to be of value when it was given only after defendant had been in police custody as a focal suspect for several hours, had been questioned at his home and at the police station, had been confronted with his brother, and had been induced by the police to deliver to them the fruits of the crime. We need not decide the timeliness of the advice concerning the right to remain silent since the failure to inform defendant of his right to counsel requires reversal.

■ In *State v. Neely,* 239 Or 487, 395 P2d 557 (1964), 398 P2d 482 (1965), we held that a confession obtained by police interrogation from a person in custody charged with a crime may not be received in evidence against him unless prior to such interrogation he was informed of his absolute right to remain silent and of his right to counsel. It is, therefore, necessary to reverse the judgment of the lower court and remand this case for a new trial.

2. Defendant did not object in the trial court to the admission of the confession, but since this case was tried before *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed2d 977 (1964), defendant did not waive his constitutional rights by such failure to object. *State v. Clifton,* 240 Or 378, 401 P2d 697 (1965).

It is not necessary to consider the other assignments of error since the questions raised are not likely to arise on retrial.

Reversed and remanded.