Argued December 7, 1966, affirmed February 15, petition for
rehearing denied March 14, motion to stay mandate
denied March 21, 1967, United States Supreme
Court denied certiorari October 9, 1967

# STATE OF OREGON, *Respondent, v.* MORELL WEBER, *Appellant.*

423 P. 2d 767

*Charles O. Porter,* Eugene, argued the cause for appellant. On the briefs were Porter & Bach, Eugene.

*William G. Carter,* Deputy District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Avery W. Thompson, District Attorney, Roseburg.

Before McAllister, Chief Justice, and Perry, O'Connell and Redding, Justices.

REDDING, J. (Pro Tempore).

The defendant, Morell Weber, having been convicted of the crime of assault being armed with a dangerous weapon and sentenced to the Oregon State Penitentiary for a period of three years, appeals from the judgment which followed. The criminal action arose out of an attempt by defendant to retrieve from a police officer of Sutherlin, Oregon, an automobile belonging to his son.

The evidence shows that Officer Schwartz, a Sutherlin police officer, in an attempt to cite defendant's son for a traffic violation, pursued the red Chrysler automobile driven by him at speeds at times up to 115 miles per hour from downtown Sutherlin to a point approximately 5 miles east of the city, where the pur-

sued car skidded into the ditch on the left side of the road and struck and sheared off a power pole. The driver ran from the scene, ignoring repeated commands to halt given by the officer, who pursued for quite some distance on foot without success in apprehending the fleeing driver. The defendant's son ran to the home of his parents, approximately a mile distant, where he advised his father, the defendant herein, of his experience.

Officer Schwartz returned to the stalled car and, being unable to find a registration certificate therein showing the ownership thereof and because of the driver's conduct and the absence of a certificate of ownership, suspected the car to have been stolen or to have been used in the commission of a crime and summoned a tow truck intending to impound the car that a check might be made for fingerprints and for other evidence of its having been stolen or of its having been used in the commission of a crime. The automobile belonged to defendant's 22-year-old son, who was married, the father of a child, and not a member of defendant's household.

Shortly after the tow truck arrived, the defendant and his son drove up in defendant's automobile. Upon arriving at the scene, defendant immediately alighted from his car wearing a cartridge belt around his waist and holding a loaded Luger pistol in his hand. Officer Schwartz, during the entire incident, remained seated in his patrol car with the door closed and the left front window open. Officer Schwartz at first thought the defendant to be a deer hunter. The officer opened the conversation by saying "Yes, sir, what can I do for you?" The defendant responded by ordering Officer Schwartz and the tow truck operator to leave the car where it was and further ordered both to leave the

scene forthwith or he would shoot them both. The defendant continued to wave and point the loaded Luger pistol at Officer Schwartz from the time he arrived at the police car until the officer and the driver of the tow truck departed. Officer Schwartz said he could recall three times when he could "look practically down the barrel." The defendant was angry and acknowledged that he may have used profanity. The officer recalls a reference to police by defendant as "car-stealing bastards." Officer Schwartz was frightened and "wanted to leave or stop the proceedings somehow." He placed the patrol car in gear, drove forward to the tow truck and told the operator thereof to leave. The officer left immediately with the tow truck following.

Officer Schwartz returned approximately 20 minutes later accompanied by at least four additional officers. Almost immediately the defendant and his son drove up to the scene and stopped. Defendant was then carrying a loaded Luger pistol inserted in his belt on his left side. A loaded 30-30 Winchester rifle was resting in a perpendicular position between the defendant and his son, with the butt resting on the floor of defendant's automobile. Defendant was disarmed and he and his son were placed under arrest. Prior to the incident the defendant was not acquainted with Officer Schwartz, who had been on the Sutherlin police force for one month and 27 days at the time of the incident.

At the trial, defendant testified that the Sutherlin police had a reputation "for turbulence and quarrelsomeness" and that there was a likelihood of their exceeding their authority and using violence.

Defendant testified that he would have been shot or at least clubbed by Officer Schwartz if he had not

displayed the loaded gun when he made the request of Officer Schwartz that the car be left where it was. The defendant asserts two assignments of error. Defendant first assigns as error the trial court's failure to give the following instruction:

> "Merely to be armed with a dangerous weapon is not a crime. Before you can find the defendant guilty of assault with a dangerous weapon you must find that he made an assault on Richard Schwartz with a pistol and that he did so unlawfully and *with no justification.* State v. Godfrey, 17 Or 300." [Emphasis supplied.]

The court's instructions fully and adequately covered all elements and aspects embodied in the requested instruction, save and except for the element of justification referred to therein. The question of justification is also raised by defendant in his second assignment of error and we will therefore cover the question raised by defendant in his first assignment of error in our disposition of defendant's second assignment of error.

Defendant in his second assignment of error contends that the court erred in giving the following instruction:

> "In this case the matter of the theory of a defense of personal property as a self-defense, as a form of self-defense or justification, has been brought to your attention. I instruct you that, under the law of this state, it is a general rule of law that one may not use a dangerous weapon in the defense of his personal property. There are exceptions to this rule, I instruct you, therefore, that there are no such exceptions applicable in this case and, under the evidence presented in this case, the defendant may not invoke an exception to the general rule. *In short, the theory of self-defense or justification is not available to him.* Now, since

this is the case, it is immaterial whether or not the alleged victim of the assault, Richard Schwartz, was or was not acting with lawful authority with respect to the car with which he testified he was dealing. Since this is the case, it is also immaterial whether any offer or attempt of force or violence to impose injury on another, if there was one under all the rules I have given you, was or was not conditional, for the condition, in itself, would not be a justification. It follows from all I have said so far that if you find the defendant guilty of an assault, it likewise would be immaterial and no defense to him that he acted, if he did, under an erroneous or mistaken belief of the law as to how he could act." [Emphasis supplied.]

Defendant made the following objection to the above instruction:

"Your Honor, the only exception we would ask is with regard to the instruction—as I recall, the Court's statement that a person may not use a dangerous weapon in defense of personal property— that there were certain exceptions but none apply here. It is the position of the defendant that a dangerous weapon could be used under the circumstances as made out by the plaintiff's case that the jury could find, if they found the evidence to be true, that this could have been an exception or could be an exception here, because the officer was armed and because of the reputation that was testified to of the Sutherlin police; so we disagree that there could be—that there would not be an exception under these circumstances and the usual reason is that we believe that self-defense—what is reasonable in self-defense applies to what is reasonable in seeking to recover personal property as the agent for the owner where the possessor or the temporary possessor of that property is armed and has a reputation for the use of violence. We do not disagree if this has to be done without the breach of the peace but we do not agree this would not be an

exception even if the jury found he had pointed the pistol. We think that under the circumstances of the officer's being armed and being a member of the police force with the reputation about which there was no dispute in the evidence, we think this did come under an exception."

In essence, the defendant in this appeal claims that the defendant, on the basis of the evidence adduced upon the trial, was entitled to an instruction on the law of self-defense and on the law of justification as it applies to the recaption of personal property.

We turn first to defendant's contention that he was entitled to an instruction with regard to self-defense.

■ As this court stated in *State v. Smith,* 43 Or 109, 115, 116, 71 P 973 (1903):

"* * * The right of self-defense rests upon the broad foundation of necessity * * * which is evidenced by a real or an apparent *exhibition* of force, to repel which, and to allay a reasonable apprehension of *imminent danger, superinduced by some overt act,* force may also be used * * * but without such necessity the right to resort thereto does not exist." [Emphasis supplied.]

To the same effect, *State v. Porter,* 32 Or 135, 49 P 964 (1897); *State v. Morey,* 25 Or 241, 35 P 655 (1894).

■ No evidence was received or offered of any overt act of a hostile character on the part of Officer Schwartz or of any demonstration on the part of said officer that would have induced the defendant as a reasonably prudent man to believe that he was in imminent danger likely to cause death or great bodily injury. Officer Schwartz at all times remained seated in his patrol car with the door closed. Defendant knew nothing whatever about Officer Schwartz, except that

he was a member of the Sutherlin police force. Schwartz, a rookie police officer with less than two months' experience, was so frightened by defendant's statements and conduct that according to his testimony "* * * [w]hen I reached for the 'mike' to answer their call, I dropped it; I was shaking; I could barely drive the car as it was * * *."

It would, therefore, appear obvious that no basis existed requiring or warranting the trial judge to instruct upon the subject of self-defense.

■ Defendant further contends he was entitled to have the jury instructed on the law of justification in the defense of property, or more appropriately, the recaption of property belonging to another. The defendant in his brief concedes that the use of a dangerous weapon is, as a matter of law, excessive force when used solely in the defense of property. This proposition is supported by the authorities. Perkins, Criminal Law 917 (1957); 1 Wharton, Criminal Law & Procedure 707-709, § 354 (Anderson 1957); 6 Am Jur 2d 77, Assault and Battery § 88; Annotation, 25 ALR 508, 543 (1923).

Perkins, in his treatise on criminal law, states at page 917:

> "In the absence of statutory authority the use of force intended or likely to cause death or great bodily injury is never authorized for the defense of property (as such)."

A similar statement of the law in this regard is found in 1 Wharton, Criminal Law & Procedure, at page 709:

> "The use of a deadly weapon in the protection of property is generally held, except in extreme cases, to be the use of more than justifiable force,

and to render the owner of the property liable criminally for the assault  *   *   *."

The "extreme cases" ordinarily are those in which either the home is intruded upon or in which there is an imminent threat to person as well as property. *State v. Erickson*, 57 Or 262, 110 P 785, 111 P 17 (1910); 1 Wharton, Criminal Law & Procedure 709; 6 CJS 951, Assault and Battery § 94; Annotation, 100 ALR2d 1021, 1026.

■ The defendant contends that the latter exception, a threat to the person of the property owner, is that which should have been presented to the jury on the basis of the evidence.

The applicable law in such event becomes that of self-defense rather than defense of property and as hereinabove pointed out, is unavailable to defendant under the facts in the instant case. The trial judge therefore properly instructed the jury "*   *   *   In short, the theory of self-defense or justification is not available to him [defendant]  *   *   *."

Affirmed.