430

Argued December 3, 1968, affirmed April 2, petition for rehearing denied May 28, 1969

## STATE OF OREGON, *Respondent, v.* LAWRENCE GORDON THOMPSON, *Appellant.*

452 P2d 754
455 P2d 179

*George M. Joseph,* Portland, argued the cause for appellant. With him on the brief were Morrison & Bailey.

*Scott H. Parker,* Deputy District Attorney, Oregon City, argued the cause for respondent. On the brief were Roger Rook, District Attorney, and Thomas H. Denney, Deputy District Attorney.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## McALLISTER, J.

The defendant appeals from his conviction of armed assault and robbery and the resulting sentence of imprisonment for seven years in the Oregon State Correctional Institution.

Defendant challenges the sufficiency of the evidence to support his conviction and also contends that his Fourteenth Amendment right to due process was denied by the picture identification and lineup procedures used by the police, which, according to defendant, tainted the in-court identification testimony by eyewitnesses.

A cab driver picked up two men at a Portland tavern who directed him to drive to a dark street in the Ardenwald District where they asked him to stop. While still seated in the back seat the two passengers robbed the cab driver, who was still seated in the front seat, by holding against the back of his neck an object which they told him was a razor blade. At the same time the driver felt a sharp point in his back. The driver was told to look straight ahead and to hand back his wallet, which he did. He did not see the razor blade or the "sharp point," which he felt in his back. Later he was tied up with his own belt and the cord

from his cab mike and at that time saw one of the men cut the mike cord with a "big long-bladed knife."

█ █ The sufficiency of the evidence is challenged because there is no evidence that defendant was armed with a knife or that a knife was used in the robbery. All persons concerned in the commission of a felony are principals, ORS 161.220, and it was not necessary to prove that defendant himself used the knife. There was sufficient proof that a knife was used by one of the two men.

█ The other assignments of error are couched in sweeping terms embracing all the lineup and picture identification procedures used by the police. Since these alleged errors were not raised in the court below, we decline to consider them on appeal.

The judgment is affirmed.

**ON PETITION FOR REHEARING**

George M. Joseph and Morrison & Bailey, Portland, for the petition.

No appearance contra.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

McALLISTER, J.

In a petition for rehearing defendant urges that we apply retroactively the rules announced in *United States v. Wade,* 388 US 218, 87 S Ct 1926, 18 L ed 2d 1149 (1967), and *Gilbert v. California,* 388 US 263, 87 S Ct 1951, 18 L ed 2d 1178 (1967). This we decline to do.

We applied *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L ed 2d 977 (1964), retroactively in accordance with the formula established in *Linkletter v. Walker,* 381 US 618, 85 S Ct 1731, 14 L ed 2d 601 (1965) (see *State v. Clifton,* 240 Or 378, 401 P2d 697 (1965) and *Guse v. Gladden,* 243 Or 406, 414 P2d 317 (1966)). We have not changed the rule with regard to the retroactivity of *Escobedo.*

We have applied *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L ed 2d 694, 10 ALR3d 974 (1966) retroactively in accordance with the formula laid down in *Johnson v. New Jersey,* 384 US 719, 86 S Ct 1772, 16 L ed 2d 882 (1966). See *State v. Dills; Stice,* 244

Or 188, 416 P2d 651 (1966), and *State v. Allen,* 248 Or 376, 434 P2d 740 (1967).

With regard to *United States v. Wade* and *Gilbert v. California* and related cases, we adopt the rule of prospective application as stated in *Stovall v. Denno,* 388 US 293, 87 S Ct 1967, 18 L ed 2d 1199, 1205 (1967).

We find nothing in the evidence in this case with regard to the picture identification and line-up procedures to suggest a denial of due process. *Simmons v. United States,* 390 US 377, 88 S Ct 967, 19 L ed 2d 1247 (1968). The retroactive application of *United States v. Wade* would not change the result in this case. The petition for rehearing is denied.