Argued June 17, reversed and remanded September 10, 1970

# STATE OF OREGON, *Respondent, v.*
# ROBERT LEE HANSEN, *Appellant.*

474 P2d 17

*J. Marvin Kuhn*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

FOLEY, J.

Defendant was convicted by jury of assault with a dangerous weapon, and sentenced to three years and two months' imprisonment. He appeals, claiming the court's instructions on self-defense were erroneous. The issue presented is whether an individual may claim the right of self-defense if he reasonably believed he was in imminent danger of only "bodily harm," rather than "death or great bodily harm."

The offense arose out of an altercation in a cafe in Willamina, Oregon, where the parties were seated in different booths. After defendant had been ridiculed by those in the other booth, he responded with profane language and one Aaron, from the other booth, went to defendant's booth and grabbed defendand with his hands, or hit him, precipitating the fight. Defendant began to strike Aaron on the chest. Aaron received five stab wounds and, as a result, lost consciousness after the fight and was hospitalized for nine days. Defendant testified that he had been cleaning his fingernails with his knife prior to the time Aaron attacked him. He also stated he was swinging

"pretty wild" because he thought there were about four or five assailants. Defendant swore he didn't know whether he stabbed Aaron, and, when he realized he had the knife in his hand, he threw it to the floor.

The court instructed the jury that a person assaulted may use the kind and degree of force which a reasonable person in the same situation would have believed to be necessary to protect himself from great bodily harm; and, that if defendant "was acting under a reasonable belief that he was in imminent danger of either death or great bodily harm, and that it was necessary for him to use the knife in order to avoid death or great bodily harm, he would be justified in his acts, and you should find him not guilty." Defendant claims the instruction was erroneous.

■■ The above instruction in effect told the jury that the defendant must have been in fear of "great bodily harm" in order to avail himself of self-defense. This was error. We hold that a person is entitled to defend himself if he is in reasonable fear of "bodily harm;" however, his defense must be reasonably responsive to the threatened harm.

Many Oregon cases have contained the state-ment that in order to assert self-defense the defendant must have reasonably believed that he was in danger of death or great bodily harm. For example, in *State v. Rader*, 94 Or 432, 469, 186 P 79 (1919), a leading homicide case on self-defense, Mr. Justice Harris, speaking for five justices, said:

> "* * * [T]he words 'great bodily harm' have been a part of the vocabulary of nearly every * * * member of this tribunal who has written upon the subject of self-defense: [citing 19 Oregon cases beginning with 1 Oregon]."

The phrase "great bodily harm" was recently recognized by this court in *State v. Hammick,* 2 Or App 470, 469 P2d 800 (1970), and "great bodily injury" was most recently mentioned in *State v. Weber,* 246 Or 312, 423 P2d 767, cert den 389 US 863, 88 S Ct 121, 19 L Ed 2d 131 (1967). However, the specific question whether one must be in reasonable fear of "great bodily harm," rather than "bodily harm," before he can assert self-defense to justify his resistance to an assault and battery upon his person apparently has not been directly presented in Oregon.

Two Oregon statutes, ORS 163.100 and ORS 145.110, are pertinent to this discussion. ORS 163.100,⊕ the justifiable homicide statute, justifies the killing of another by a person to prevent the commission of a felony upon himself.

■ Our Supreme Court has consistently held in justifiable homicide cases that the defendant must have reasonably believed that he was in danger of death or great bodily harm to be entitled to assert self-defense. *State v. Ruff,* 230 Or 546, 370 P2d 942 (1962); *State v. Rader,* supra. In *Rader* the court upheld an instruction which said "the danger must be that of a threatened felony." In explaining the difference between the kind of harm envisioned by the justi-

---

⊕ ORS 163.100:

"The killing of a human being is justifiable when committed:

"* * * * *

"(2) By any person:

"(a) To prevent the commission of a felony upon him or upon his or her husband, wife, parent, child, master, mistress or servant.

"* * * * *."

fiable homicide statute and anything less than that, the court said:

"\* \* \* Violence which rises to the degree of a felony is 'great bodily harm'; violence which falls to the degree of a misdemeanor is not 'great bodily harm.' \* \* \*" 94 Or at 486.

Fear of "great bodily harm" is thus a requirement in homicide cases, because the statute requires fear of a felony.

ORS 145.110,[⊕] the general "self-defense" statute, justifies resistance by a person to prevent the commission of a crime against his person. This statute is silent on the degree of harm which must be anticipated by the person to entitle him to assert self-defense.

The Supreme Court has seemed to rule on one occasion that the defendant must fear "great bodily harm" in an assault and battery case. In *State v. Steidel*, 98 Or 681, 194 P 854 (1921), a policeman was fighting in a public place with a person he was attempting to arrest. The policeman's pistol had been discharged a number of times. Defendant approached the fighters not knowing one was a policeman, and disarmed the policeman. For this he was convicted of assault and battery. The trial court refused to instruct on self-defense. The Supreme Court reversed, stating that the court should have so instructed and citing the "self-defense" statute (now ORS 145.110) as au-

---

[⊕] ORS 145.110:

"Resistance to the commission of a crime may be lawfully made by a person about to be injured or by any other person in his aid or defense:

"(1) To prevent a crime against his person.

"\* \* \* \* \*"

thorizing one to defend himself against the commission of a crime. The issue as to the quantum of harm or danger which would have justified the defendant in acting was not before the court. However, the court gratuitously explained that if defendant honestly believed from these circumstances that "he was in danger of death or great bodily harm," he would have had a right to take such steps as were reasonably and fairly necessary to avert the impending danger. As a result, this case has been subsequently cited as placing Oregon with 17 other states holding that danger, or apparent danger, of death or great bodily harm is a condition precedent to the assertion of self-defense in a prosecution for assault. 114 ALR 634, 637 (1938).

*State v. Swanson*, 119 Or 522, 250 P 216 (1926), supports the view that "bodily harm" should be the criteria in misdemeanor assault cases. In that case the defendant was convicted of assault and battery. The court held that a requested instruction should have been given which authorized self-defense where "bodily harm," as opposed to "great bodily harm," was threatened.

"In the matter of self-defense, the defendant requested the following instruction:

" 'I further instruct you that if in resisting an illegal arrest the person arrested is placed in danger of bodily harm, or in reasonable fear of bodily harm, he may protect himself from such danger or threatened danger with whatever means may be necessary to make that protection effective.'

"It was error to refuse this instruction. A person has a right to defend himself against an illegal arrest and to do so with such force as may be reasonably necessary to repel the assault involved in such wrongful detention, but the force used in defense must not be in excess of proportion to the

force unlawfully applied in the attempt to arrest." 119 Or at 526.

Idaho has a statute, somewhat similar to ORS 145.110, our general self-defense statute, which reads in part:

> "Resistance sufficient to prevent the offense may be made by the party about to be injured:
>
> "1. To prevent an offense against his person * * *." Idaho Code 19–202.

*State v. Woodward*, 58 Idaho 385, 391, 74 P2d 92, 114 ALR 627 (1937), was an assault-with-a-deadly-weapon case. The trial court's instruction imposed as a condition to self-defense that

> " '* * * the act done by defendant was *necessary to prevent the infliction upon him of a great bodily injury by* the person alleged to have been assaulted by the defendant.' "

The Idaho Supreme Court reversed, stating that although in prosecutions for homicide the existence of danger, or apparent danger, to defendant of great bodily injury is a necessary condition precedent to self-defense, in prosecutions for lesser offenses it is not such a condition. Iowa also has a self-defense statute similar to Oregon's, and follows the rule set forth in *Woodward*, as do New York and Texas.

■ We cannot tell in the present case whether the jury found defendant guilty because (1) they thought he was not in fear of "great bodily harm" and thus not entitled under the faulty instruction to assert self-defense, or (2) they thought his response with the knife was unreasonable and therefore he was not entitled to the benefit of self-defense. This is a determination within the sole province of the jury in a criminal case, ORS 136.320. Since they may have

based their verdict on the first ground, it is necessary to remand for a new trial.

The "Proposed Oregon Criminal Code," Final Draft and Report, July 1970, prepared by the Criminal Law Revision Commission, succinctly sets forth the existing Oregon statutory and case law on this subject. It provides in language suitable for use as a jury instruction under present law:

"* * * [A] person is justified in using physical force upon another person to defend himself * * * from what he reasonably believes to be the use * * * of unlawful physical force, and he may use a degree of force which he reasonably believes to be necessary for the purpose." Section 22, p 22.

"* * * [Notwithstanding the above, he] is not justified in using deadly physical force upon another person unless he reasonably believes that the other person is:

"* * * * * *

"(3) Using or about to use unlawful deadly physical force [upon him] * * *." Section 23, p 22.

Reversed and remanded for a new trial.