Argued September 28, affirmed November 2, petition for rehearing
denied December 22, 1970, petition for review denied
February 23, 1971

STATE OF OREGON, *Respondent, v.*
ROYCE LOVELL BROWN, *Appellant.*

475 P2d 973

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*James A. Sanderson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Branchfield, Judges.

LANGTRY, J.

Defendant appeals from conviction of assault with intent to commit second-degree murder. ORS 163.280. The victim was admittedly wounded, with resulting paralysis, by a pistol fired by defendant. The

defendant is a cousin of the victim's wife. This woman had been living with defendant prior to the shooting. On the night the shooting occurred, the victim, who had unexpectedly appeared on the scene, and defendant had been left alone by the victim's wife in the place where she lived with defendant. The state contends that the defendant intentionally fired to kill the victim, motivated by a desire to eliminate the victim from a love triangle. Defendant contends that he had only a platonic brother-sister relationship with the victim's wife, and he shot in self-defense.

Assignments of error are (1) the court received in evidence two lewd pictures, purportedly of the victim's wife, which were among defendant's possessions when he was booked into jail on the night of the shooting; (2) when the jury requested reinstruction on two included crimes the court should have reinstructed on self-defense; and (3) the court permitted the prosecutor to appeal to racial prejudice in his closing argument.

We will consider the assignments in reverse order. (3) The racial argument complained about in the third assignment referred to evidence that the actors are of Indian origin; that they had known each other for a long time and had fought before. Without setting the remarks out at length, we think that it is a strained construction of them to contend that they appeal to prejudice on racial grounds. The prosecutor concluded this part of his argument with the statement:

"* * * His skin is a little darker and we know he is an Indian. They have talked a little about a stormy life. We can't say because he is a little different from us he has special rights that he can kill people when he argues with them. If he is going to be provoked and shoot somebody down,

take a pistol and fire point-blank in their chest, then he has got to have the kind of provocation that would make most people very angry and do something very vicious * * *."

The remarks were not objected to in any way by defendant's counsel and we see nothing in them that impels us to consider them as alleged error under Rule 46.[1] See Annotation, 45 ALR 2d 303 (1956).

■ (2). Defendant contends that the court should have reinstructed on self-defense. The request of the jury was to be reinstructed on attempted second-degree murder and attempted voluntary manslaughter. The court complied with the request by reinstructing on the principal and all three included crimes involved, after asking counsel out of jury presence their opinions of what the court should do. Defense counsel did not then request the self-defense reinstruction but afterward excepted to failure to give it.

The court had already fully instructed on self-defense. It was logical, in order to comply with the jury's request, to reinstruct on all included crimes. To go beyond that would be questionable, for then the query arises whether every instruction should be given again. What instructions to give under these circumstances is a matter of discretion with the trial court. *State v. Charles,* 3 Or App 172, 469 P2d 792 (1970). The discretion was properly exercised.

---

[1]

"RULE 46

"ERRORS CONSIDERED

"In appeals in actions at law no alleged error of the circuit court will be considered by this court unless regularly assigned as error in the appellant's opening brief, except that this court reserves the right to take notice of an error of law apparent on the face of the record."

See also, State v. Charles, 90 Adv Sh 1413, 1416, 3 Or App 172, 469 P2d 792 (1970).

■ In a supplemental brief, the defendant requests us to consider the merits of the instruction which was given on self-defense in the light of *State v. Hansen,* 3 Or App 378, 474 P2d 17 (1970). No objection was made to the instruction given by the court and for this reason we will not consider this request. *State v. Charles,* supra.

■ (1). Two lewd pictures, assertedly of the victim's nude wife, showing a woman's lower anatomy were among the defendant's effects when he was jailed. The victim's wife was living with defendant and the state contends the motive for the shooting was that defendant wanted to eliminate the victim in order to continue a lover's relationship with the victim's wife. The state offered the pictures in cross-examination of defendant as evidence contradictory of defendant's testimony that he considered her only as a sister. They were relevant for this purpose, if properly identified, and we think sufficiently so to overcome any prejudicial effect they might have.

"* * * [I]t is not error to receive relevant exhibits merely because they may have a traumatic effect upon the minds of the jurors * * *." *State v. Freeman,* 232 Or 267, 274, 374 P2d 453 (1962) *cert denied,* 373 US 919, 83 S Ct 1310, 10 L Ed 2d 418 (1963).

Our concern lies with the question of sufficiency of identification.

■ The victim testified that the pictures were of his wife and he identified her in them by a light skin pigmentation mark on her left buttock which showed in the pictures. His wife testified that they were not of her. The defendant testified he had made them

from pornographic pictures someone brought to him from California. Defense counsel (not present counsel) stated to the court that he and his secretary had viewed the bare buttock in question and a mark such as that shown in the pictures was not evident to them. The court had a physician view the disputed area and he testified that such a mark was there. All of this was out of the jury's presence. The harried trial judge then repaired to another room with the physician, a nurse, and the wife and viewed the premises, observing upon his return that when the subject was in the proper position the mark noticeable in the pictures was clearly identifiable on the locus. The court then allowed the prosecution to lay a proper foundation before the jury with the doctor's testimony, and the pictures were received in evidence. We think a jury question was presented and the pictures were properly received.

Judgment affirmed.