Submitted on briefs February 5, affirmed February 25, petition
for rehearing denied April 13, 1971

## STATE OF OREGON, *Respondent, v.*
## TOM LEO PHILLIPS, *Appellant.*
### (Nos. 13-534 and 13-262)
481 P2d 381

Robert E. Thompson, Jon B. Lund, and Thompson & Adams, Beaverton, for appellant.

Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

The defendant was charged with the crime of assault with intent to commit first-degree murder in violation of ORS 163.280. The charge arose out of an altercation in which defendant shot one Duane Shelton twice with a revolver. The defendant entered a plea of not guilty and was found guilty upon trial by jury of assault with a dangerous weapon. He was thereupon sentenced to a term of not to exceed five years' imprisonment. Contemporaneously with the sentencing on the assault conviction, his probation for the crime of burglary not in a dwelling was revoked and he was given a five-year sentence to run concurrently with the assault sentence.

The defendant appeals from the judgment of conviction and from the order revoking probation and imposing sentence. The principal assignment of error with any substance is that the court erred in its instruction on self-defense which defendant contends did not meet the requirements set forth in *State v. Hansen,* 3 Or App 378, 474 P2d 17 (1970). We do not reach that question, because the defendant took no exception to the instruction given. Questions not raised and preserved in the trial court will not be considered on appeal in the absence of exceptional circumstances. See, e.g., *State v. Charles,* 3 Or App 172, 469 P2d 792, Sup Ct *review denied* (1970).

■ The fact that this court clarified the law of self-defense in *State v. Hansen*, supra, which was decided subsequent to the defendant's trial in the case at hand, is not an exceptional circumstance justifying an exception to the general rule. In *State v. Brown*, 4 Or App 219, 222-23, 475 P2d 973 (1970), this court refused to consider a similar challenge to a similar instruction which was made for the first time on appeal. In support of his contention that he is entitled to raise this question on appeal, defendant relies on *State v. Clifton*, 240 Or 378, 401 P2d 697 (1965). *Clifton* does not support his position—it holds that one "exceptional circumstance" justifying consideration of matters for the first time on appeal is the subsequent pronouncement of new principles of constitutional law. This exception does not apply to mere subsequent explanation or clarification of the substantive criminal law.

Defendant contends that the trial judge should have instructed the jury that a unanimous verdict was required. This assignment has been disposed of by *State v. Gann*, 254 Or 549, 463 P2d 570 (1969).

■ Since we find no reversible error in connection with the assault conviction, the defendant's remaining assignment of error, predicated on the theory that the revocation was based on an erroneous conviction, is moot. *State v. Hall*, 4 Or App 28, 476 P2d 930 (1970).

Affirmed.