Argued December 3, 1971, affirmed January 14, petition for rehearing denied February 8, petition for review denied March 31, petition for writ of certiorari denied by U.S. Supreme Court October 10, 1972

## STATE OF OREGON, *Respondent, v.*
## MARK STEVEN BARTON, *Appellant.*

492 P2d 828

*Paul Caruso,* Beverly Hills, California, argued the cause for appellant. With him on the briefs was Oscar D. Howlett, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Defendant appeals from a conviction of first degree murder. ORS 163.010 (1). He was jointly indicted with Tina Lee Tremblay, Robert Antonio Tremblay and Raymond David Pister for killing Gary Eugene DeVillez on July 16, 1969. They were tried separately. Defendant assigns as error (1) the trial court's instruction on certain presumptions, and (2) instruction on "felony murder" based on burglary. Our resolution of these assignments of error does not require a statement of facts.

■ ■ Defendant failed to take proper exception to the instruction of which he complains. The exception made was:

"* * * [W]e except to submitting the first degree murder instruction including all of the definitions contained in those instructions * * *."

The purpose of an exception is to apprise the trial court of any error in the instructions so that it may correct the error. *State v. Charles,* 3 Or App 172, 469 P2d 792, Sup Ct *review denied* (1970). Defendant's exception failed to do this.

The merits of defendant's assignment do not warrant exception to the general rule that questions not raised in the trial court will not be considered on appeal. *State v. Phillips,* 5 Or App 60, 481 P2d 381, Sup Ct *review denied* (1971).

■ ■ The court instructed the jury that if it found the defendant or his accomplices caused the death of DeVillez while committing or attempting to commit a burglary in a dwelling, it was first degree murder. Defendant argues the instruction was error because the assault which was coupled with the breaking and entering to make up burglary merged with the ultimate killing, and, therefore, the burglary could not be relied on as an ingredient of "felony murder." We considered precisely the same question in a companion case, *State v. Tremblay,* 4 Or App 512, 479 P2d 507, Sup Ct *review denied* (1971), and decided it contrary to the defendant's position. Defendant cites no authorities we did not consider in *Tremblay.*

Affirmed.