Argued August 23, affirmed September 28, petition for rehearing
denied October 25, 1973, petition for review denied
February 12, 1974

# STATE OF OREGON, *Respondent, v.* RALPH LAKE LEDFORD (No. 42091), *Appellant.*

514 P2d 564

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, J.

Defendant was indicted for first degree theft (ORS 164.055). The property involved was a 1972 Ford, 4-wheel drive, ¾-ton pickup. He was convicted by a jury, and appeals.

The state's evidence showed that the pickup had disappeared from a dealer's lot in Junction City in Lane County, and parts of it were later found in a secluded area on Buck Mountain near Foster in Linn County. One Ira Laney was apprehended with parts from the stolen pickup installed in his 1963 pickup. These parts were valued at over $1,400. Laney testified that defendant had sold him these parts for $200

and told him how he and another man had taken the pickup and cut it up before setting the remains on fire.

Laney's testimony was the only evidence that linked defendant to the crime. At the close of the state's case, defense counsel moved:

"MR. TRISKA: For the record, Your Honor, at this time I would move for acquittal on the grounds that the State has not made a pima [sic] facie case. For the record I'm stating this.

"THE COURT: Very well. That motion will be denied."

Defendant assigns the denial of this motion as error on the grounds that Ira Laney was an accomplice as a matter of law and that, since there was no evidence to corroborate his testimony as required by ORS 136.550,[1] the defendant was entitled to a directed verdict of acquittal.

Ordinarily,

"* * * [q]uestions not raised and preserved in the trial court will not be considered on appeal in the absence of exceptional circumstances. See, e.g., *State v. Charles,* 3 Or App 172, 469 P2d 792, Sup Ct *review denied* (1970)." *State v. Phillips,* 5 Or App 60, 61, 481 P2d 381, Sup Ct *review denied* (1971), *cert denied* 406 US 972 (1972).

■ ■ The motion made "for the record" did not apprise the trial court that defendant was asserting the

---

[1]
    "A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime. The corroboration is not sufficient if it merely shows the commission of the crime or the circumstances of the commission." ORS 136.550.

need for corroboration of Laney's testimony. Defendant requested no instructions be given the jury on the question of whether Laney was an accomplice or that the jury must find that his testimony was corroborated. Therefore, we do not reach the merits of this question.

■ Defendant on appeal also assigns as error the trial court's giving an unrequested instruction to the jury. No exception to the instruction was taken at trial and no exceptional circumstances exist to require our review of this question. *State v. Barton,* 8 Or App 186, 492 P2d 828, Sup Ct *review denied, cert denied* 409 US 852 (1972); *State v. Phillips,* supra; *State v. Charles,* 3 Or App 172, 469 P2d 792, Sup Ct *review denied* (1970), *cert denied* 406 US 973 (1972).

Affirmed.