Argued March 26, convictions affirmed; remanded in part for
resentencing April 22, reconsideration denied May 22,
petition for review denied June 11, 1974

# STATE OF OREGON, *Respondent, v.* RODNEY LEWIS JOHNSON (No. 72 3961), *Appellant.*

# STATE OF OREGON, *Respondent, v.* BOBBY RAY MITCHELL (No. 72 3962), *Appellant.*

521 P2d 355

*J. Fred Brandenfels,* Eugene, argued the cause and filed the brief for appellant Johnson.

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant Mitchell. On the brief were Gary D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendants were jointly tried on separate indictments, each charging two counts of first degree robbery, ORS 164.415, and one count of second degree robbery, ORS 164.405.[1] The court granted defendants' motion of acquittal as to Count II (first degree robbery) of

---

[1] The indictments are identical except the names of the two defendants.

each indictment and submitted Count I (first degree) and Count III (second degree) of each to the jury.

After 15 hours of deliberation, the jury reported that it was deadlocked, and that the vote stood 9 jurors for acquittal and 3 for conviction. Supplemental instructions were given concerning the state's burden of proof, the meaning of reasonable doubt and the jury's duty to reach a verdict.[2] Immediately thereafter the trial court specifically asked each defense attorney for his exceptions and comments. Both counsel stated that they had no exceptions to the court's supplemental instructions, and that they preferred to await the immediate results. The prosecuting attorney likewise expressed agreement with the court's actions.

After slightly more than an hour of additional deliberation, the jury informed the court that it had reached a verdict. By a vote of 10 to 2 the jury found each defendant guilty of two counts of third degree robbery.

On appeal, defendants argue that giving the supplemental instructions violated their constitutional right to a fair trial.

■■ We will not consider this assignment because defendants failed to make timely objection below. The record shows that it was only after the jury returned guilty verdicts that defendants objected to the supplemental instructions. Questions not timely raised and preserved in the trial court will not be considered on

---

[2] The instruction given on the jury's duty to reach a verdict was identical to the American Bar Association's proposed supplemental instruction to deadlocked juries approved in State v. Marsh, 260 Or 416, 443, n 58, 490 P2d 491 (1971), *cert denied* 406 US 974 (1972).

appeal in the absence of exceptional circumstances. *State v. Avent,* 209 Or 181, 302 P2d 549 (1956). *See also, State v. Ledford,* 14 Or App 625, 514 P2d 564 (1973), Sup Ct *review denied* (1974); *State v. Barton,* 8 Or App 186, 492 P2d 828, Sup Ct *review denied, cert denied* 409 US 852 (1972); *State v. Jorgensen,* 8 Or App 1, 492 P2d 312 (1971), Sup Ct *review denied* (1972); *State v. Phillips,* 5 Or App 60, 61, 481 P2d 381, Sup Ct *review denied* (1971), *cert denied* 406 US 972 (1972). This rule applies as well in cases in which the asserted error was in the giving of instructions and where no proper exception was taken. *State v. March,* 260 Or 416, 439, 490 P2d 491 (1971), *cert denied* 406 US 974 (1972).

■ Defendants argue that we should take notice of this asserted error under the "plain error" exception in Rule 6.18③ of this court. However, we are satisfied that this case does not come within the "plain error" exception contained in Rule 6.18.④ *State v. Marsh, supra.*

■ Finally defendant Mitchell contends that the trial court erred in sentencing him on Counts I and II of the indictment because he was acquitted on Count II. Defendant Mitchell was convicted of third degree

---

③ Rule 6.18:

"In appeals in actions at law, no alleged error of the trial court will be considered on appeal unless regularly assigned as error in the appellant's (or cross-appellant's) opening brief, except that the appellate court may take notice of errors of law apparent on the face of the record.

"* * * * *."

④ In view of the fact that the jury stood 9 to 3 for acquittal at that juncture, defendants' failure to object to the supplemental instructions at that time may well have been for reasons of trial tactics — believing that the jury was close to returning not guilty verdicts.

robbery on Counts I and III; however, he was sentenced on Counts I and II. We therefore vacate defendant Mitchell's sentence and remand him to the trial court for resentencing.

Convictions affirmed. Remanded for resentencing as to defendant Mitchell.