Argued August 24, affirmed September 12, reconsideration denied
October 19, 1977, petition for review denied January 17, 1978

STATE OF OREGON, *Respondent,*
*v.*
DONALD LYNN COLLIER, *Appellant.*
(No. C-76-10-14902, CA 7932)

569 P2d 38

Levi J. Smith, Portland, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

## TANZER, J.

The defendant appeals his murder conviction. The trial court inadvertently neglected to instruct the jury on self-defense as requested by the defendant. The omission was not realized until the jury sent word that they had reached a verdict after several hours of deliberation. Pursuant to the judge's suggestion, the defense expressly requested that the jury be reinstructed as to self-defense. The jury was so reinstructed and, after a brief resumption of deliberations, it returned with a verdict of guilty.

There was no motion for a mistrial and no ruling of the court is assigned as error. Therefore there is no ruling to review on appeal. *State v. Johnson/Mitchell,* 17 Or App 242, 521 P2d 355 *rev den* (1974). The defendant apparently desires that we reverse for plain error pursuant to Rule 6.18 of this court, but there is none. The transcript of the proceedings at the time of the discovery of the omission indicates a conscious decision by the defendant to have his guilt or innocence decided by this jury. A wise tactical decision may be proved incorrect when the verdict becomes known, but the plain error rule is not designed to provide the benefit of hindsight. Moreover, a *sua sponte* declaration of a mistrial without the concurrence of the defendant would not only constitute error, but would likely trigger the defendant's former jeopardy rights in such a way as to bar a retrial. *State v. Embry,* 19 Or App 934, 530 P2d 99 *rev den* (1974). We therefore have no cause in this case to apply the plain error rule.

Affirmed.