Argued February 17, affirmed March 11, 1971

STATE OF OREGON, *Respondent, v.*
EUGENE WESTBROOK, *Appellant.*

482 P2d 547

*James T. Fitting*, Beaverton, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Defendant appeals from conviction of illegal possession of narcotics. Defendant was arrested in the home where he had lived for several years, at a time when officers executed a search warrant. The state contended that defendant operated a "shooting gallery"—a place where drug addicts come to purchase shots of narcotics, administered on the premises.

The testimony of one officer was that as he broke through the rear door of the residence he saw defendant throw papers from one of his pockets, and that one such paper contained heroin. Other heroin was found in balloons that were in a wastepaper basket in the dwelling.

Errors asserted are (1) that the officers did not comply with ORS 133.290, which requires officers to knock and announce and be refused admittance before breaking a dwelling house in execution of a warrant;[1] (2) that certain photographs taken at the

---

[1] The "knock and announce" rule of ORS 133.290, applying to execution of warrants of arrest is made applicable to execution of search warrants by ORS 141.110.

time of arrest should not have been received in evidence; and (3) that the court should not have permitted the prosecutor to have made certain remarks in closing argument.

■ ■ There was no objection to the evidence seized on the ground of violation of ORS 133.290. To the contrary, defendant's attorney, by his questions, brought out in elaborate detail the manner by which the officers attacked defendant's dwelling from the front and rear doors. The testimony of the officers thus produced and subsequent testimony of the defendant disclosed that the officers had frequently broken into defendant's house on previous occasions in search of narcotics. In closing argument, defense counsel argued that the credibility of the officers was questionable because of the tactics that they used when they broke into and searched defendant's dwelling. Now, with different counsel, defendant's tactic has changed. He urges that the trial judge, on his own initiative, should have suppressed the evidence because of alleged violation of the knock and announce statute. Defendant cannot base a defense upon one tactic in the trial court and then, when it is unsuccessful, reverse his tactic on appeal. We think this is an underlying reason why, in a similar case insofar as the search was concerned, the Oregon Supreme Court said that where the search was not objected to upon the statutory ground at trial, there is no ruling for the appellate court to review and the asserted error will not be considered. *State v. Hollman*, 251 Or 416, 421-22, 446 P2d 117 (1968); *State v. Phillips* 5 Or App 60, 481 P2d 381, Sup Ct *review denied* (1971).

■ ■ After the evidence was secured the officers took photographs of three black males and one white female in the dwelling, the female being de-

scribed by one of the officers, without objection, as "a local addict and prostitute." The photographs were received in evidence, without objection being made on the ground that is now urged on appeal; namely, that evidence of a white female being with defendant, a black, and other blacks, would inflame the jury and prejudice the defendant. After looking at the pictures, we think it is speculative to say that defendant could have been prejudiced as counsel claims he was by having the pictures in evidence. His claim that he did not have the narcotics but that they were brought by some of the other people who were in the dwelling could well have been aided by the pictures. Regardless, objection on the ground now urged was not made at the time. The pictures were corroborative of and relevant to the officers' testimony. Therefore, their admission was discretionary with the trial court. See *State v. Beeson*, 248 Or 411, 415, 434 P2d 460 (1967).

■ ■ The remarks of the prosecutor in closing argument to the jury to which objection was made, according to the defendant's brief were:

" 'Why would he just resort to going back to heroin?'

" 'Where do you get $100 to $200 a day? Well you can go out and burglar, you can commit all kinds of crimes. If you fence property, you have to sell it at a third of what you steal it for.'

" 'MR. KERRIGAN: Your Honor, excuse me. We are going to object to this as not being within the area of the defense's closing argument, or within the scope of the evidence.'

" 'THE COURT: The objection is overruled.' "②

---

② Defendant's brief quotes out of context. In context this is what was said:

"* * * [B]eing in a 'shooting gallery', as the defendant mentioned, is certainly a dirty job.

When the remarks objected to are read in context, we conclude that they were fair argument in view of the defendant's testimony in his case-in-chief, which was that during the many years while he was addicted it had cost him up to $100 to $200 per day for narcotics. See *State v. Gill,* 3 Or App 488, 474 P2d 23, Sup Ct *review denied* (1970).

Affirmed.

"Well, why would the defendant, when he has such a nice methadone program to be on, why would he just resort to going back to heroin? No one knows why that happens. Psychiatrists try to explain it. Where do you get $100 to $200 a day? Well, you can go out and burglar, you can commit all kinds of crimes. If you fence property, you have to sell it at a third of what you steal it for.

"MR. KERRIGAN: Your Honor, excuse me. We are going to object to this as not being within the area of the defense's closing argument, or within the scope of the evidence.

"THE COURT: The objection is overruled. You may proceed.

"MR. BENNETT: Thank you.

"There are lots of ways you can get $200 a day. One of them is to sell heroin to other addicts, getting it in large quantities and selling it for a certain profit. With that profit you feed your own habit * * *."