514 P.2d 452

**STATE of Arizona, Appellee,**

v.

**John Russell SAVOY, Appellant.**

No. 2389.

Supreme Court of Arizona,
In Banc.

Sept. 20, 1973.

Gary K. Nelson, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, James H. Kemper, Former Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

This case comes before us on a delayed appeal from the judgment and sentence of John Russell Savoy for the crime of possession of a dangerous drug and possession of marijuana.

The questions presented are: (1) Was it error for the trial court to deny the defendant's motion for a directed verdict? (2) Was the defendant denied his right under the Sixth and Fourteenth Amendments to the United States Constitution where his retained attorney represented codefendants whose interests conflicted at the trial with his? (3) Was the defendant denied his right under the Fourteenth Amendment to the United States Constitution to be present in the courtroom during the time the jury was called back to listen to taped instructions?

John Russell Savoy was one of seven people who were charged with the crimes of possessing dangerous drugs and marijuana. Savoy was arraigned on March 12, 1971 and pled not guilty. Two of the defendants were tried with Savoy but are not involved in this appeal.

Savoy was found in the living room of a residence at 2431 East Verde Lane in Phoenix. In various rooms in the house were found plastic baggies containing marijuana and amphetamine tablets. There were various other people in the house at the time the drugs were discovered. Savoy denied any knowledge of the drugs. The only question was whether there was proof of possession. There being no actual possession, evidence was introduced to show constructive possession and knowledge of the drugs.

The trial court denied appellant's motion for a directed verdict at the close of the State's case and at the end of the defendant's case on the ground that there was sufficient evidence to justify jury deliberation.

The facts supporting the court's denial are: The arresting officers entered the premises at 2431 East Verde Lane pursuant to a search warrant. The appellant was present in the living room when the officers entered, and certain drugs introduced as evidence were found in the southeast bedroom in the top and bottom left-hand dresser drawers, on shelves, both open and behind doors, in the southwest bedroom, and on the floor in the kitchen. A black wallet found in the top right-hand dresser drawer in the southeast bedroom contained a sales slip for a bicycle sold to John Savoy whose address was 2431 East Verde Lane, Phoenix.

■ Officer Janovich testified that marijuana and dangerous drugs were found in the left-hand side of the dresser. The court refused to direct a verdict at the close of the state's case. However, the defendant then went forward with his defense. When a motion for a directed verdict is denied at the close of the state's

case, and the defendant goes forward and presents his case, he is deemed bound if deficiencies in the evidence are supplied. State v. Hanshe, 105 Ariz. 529, 468 P.2d 382 (1970); State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968).

■ When the defendant took the stand in his own behalf, he admitted that he lived in the house on Verde Lane at and before the time when the officers entered the premises. He said the house was his mother's and that he had charge of its renting. He had lived there with the Allens, for some time, and continued to live there after they left. He rented the premises to the tenants, and collected the rental money. He continued to live in the house as the tenants changed. He further admitted that some of his possessions were kept in the southeast bedroom, and that specifically the wallet containing the sales slip was kept in the right-hand side of the identical dresser where drugs were found in the left-hand upper and lower drawers. He further stated that he had seen certain chemists scales that were introduced in evidence, and knew that they were kept in the house. He was not restricted to any room and was in the southwest bedroom on various occasions where drugs were discovered. He was in the kitchen where a package containing marijuana cigarettes was lying on the floor. The inferences and weight to be attributed to the evidence is for the trier of fact. State v. Allen, 9 Ariz.App. 196, 450 P.2d 708 (1969).

■■ The other defendants testified that Savoy lived in the Verde Lane residence and that the black wallet found in the right-hand dresser drawer was his. The other testimony by codefendant Allen was that he, Allen, was very upset and protested against the opening of a box found to contain narcotics and that he had lived in the Verde Lane residence. His testimony regarding Savoy could in no way have conflicted with that of the defendant. An attorney may represent two or more clients when there is no conflict of interest.

State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966), cert. denied, 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed. 2d 687 (1967).

The fact that Savoy was not present during the replaying of the tapes is not reversible error. Bustamante v. Eyman, 456 F.2d 269 (9th Cir. 1972) held narrowly that in a capital case the defendant's right to be present in the courtroom is constitutional and cannot be waived. However, in less than a capital case it may be harmless error. Therefore Savoy's absence during the replaying of the tape falls under the rule of State v. Bustamante, supra and State v. Cufio, 12 Ariz.App. 461, 471 P.2d 763 (1970) holding that unless prejudice is shown the error is harmless. No prejudice was shown here.

Affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, and HOLOHAN, JJ. concur.