598 P.2d 990

**STATE of Arizona, Appellee,**

v.

**M. L. RAY, Appellant.**

**No. 4461–PR.**

Supreme Court of Arizona, In Banc.

July 30, 1979.

Robert K. Corbin, Atty. Gen., Bruce E. Babbitt, Former Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Asst. Atty. Gen., Gregory A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Henry J. Florence, Ltd. by Charles K. Ledsky, Phoenix, for appellant.

GORDON, Justice:

Defendant M. L. Ray petitioned this Court to review the Court of Appeals decision in *State v. Ray*, 123 Ariz. 175, 598 P.2d 994 (App.1978). We have jurisdiction pursuant to A.R.S. § 12–120.24.

Defendant was charged with possession of a stolen motor vehicle and was bound over for trial after a finding of probable cause at a preliminary hearing. At this hearing, William Granger Goddard was one of the principal witnesses. This case was later dismissed in Superior Court for a violation of the time limits set forth in the Arizona Rules of Criminal Procedure.

Subsequently, a grand jury indicted defendant for possession of a stolen motor vehicle. After trial had begun, the prosecution moved the court to admit the preliminary hearing testimony of Mr. Goddard based on unavailability of this witness. The motion was granted after a hearing and over objection by defendant. Defendant was convicted by a jury and was sentenced to a three-to-five year term in the Arizona State Prison.

On appeal to the Court of Appeals, defendant raised five issues for review: (1) The court erred in allowing the use of the preliminary hearing transcript at trial; (2) Statements made by defendant to an investigating officer were improperly admitted into evidence, because they were the product of an illegal arrest; (3) The court erred by amending the indictment; (4) Jury instructions given by the court were incorrect; and (5) The evidence was insufficient to support the verdict. The Court of Appeals affirmed defendant's conviction and sentence. Defendant's motion for rehearing, which was based solely on the issue of admission of the preliminary hearing transcript, was denied. We accepted defendant's petition for review. We reverse the judgment and sentence of the Superior Court and remand for a new trial.

We hold that the trial court's admission into evidence of Goddard's preliminary hearing testimony was reversible error for several reasons. First, the Sixth Amendment right to confrontation of witnesses requires that such admission of preliminary hearing testimony be preceded by a good-faith effort by the prosecution to obtain the witness' presence at trial. *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *State v. Alexander*, 108 Ariz. 556, 503 P.2d 777 (1972). *Alexander* defined good-faith effort to require, at a minimum, a subpoena returned unsatisfied and the sworn testimony of both the authorities who served the subpoena and of persons possessed of knowledge of the missing witness, that the witness is unavailable.

The only witness called by the state in support of its motion to use Mr. Goddard's preliminary hearing testimony was Deputy Sheriff Arthur Poore. Deputy Poore indicated, through hearsay, that Mr. Goddard had been hospitalized before he last saw him, which was at John Torberg's house, four to five months prior to trial. Deputy Poore testified that, at this time, Mr. Goddard was in bed and was unresponsive to questions. Four days before trial, Deputy Poore attempted to serve a subpoena on Mr. Goddard for his appearance at trial. He discovered from Mr. Torberg that Mr. Goddard had gone to live with his mother in Colorado about two months previously. Although the Colorado address was easily ob-

tainable, Deputy Poore did not secure it. Additionally, a defense witness who participated in a pre-trial hearing on a different issue testified that he had seen Mr. Goddard at the Torberg residence about two months before trial and that, at this time, Mr. Goddard was paralyzed and "more or less an invalid." No effort was made to utilize the Uniform Act to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings. A.R.S. § 13–1861 et seq., now renumbered § 13–4091 et seq. See *Barber v. Page, supra*; *State v. Alexander, supra*; *State v. Ratzlaff*, 27 Ariz.App. 174, 552 P.2d 461 (1976).

■ We find that these acts and omissions demonstrate that the state failed to make a good faith effort to obtain Mr. Goddard's presence at trial. We specifically hold that, in order to make a showing of good-faith effort, the Uniform Act must be invoked unless to do so would be futile.

The state contends that such futility does exist in the instant case because of Mr. Goddard's alleged physical and mental incapacity. Moreover, because of these disabilities, the state argues that 17 A.R.S., Rules of Criminal Procedure, rule 19.3.c(1)(ii), which requires that the declarant be unavailable, is satisfied. We disagree. We do not believe that non-medical evidence of incapacity four to five months, or even two months, prior to trial is an adequate showing of unavailability. A trial court could not reasonably infer from such evidence that the witness is still incapacitated at the time of trial. To assume so is speculative.

Finally, the court erred in admitting Mr. Goddard's preliminary hearing testimony, because defendant was denied his right to fully cross-examine Mr. Goddard at the hearing. In the midst of cross-examination, the magistrate terminated the questioning. Defense counsel then submitted a list of 119 written questions, which he wished to ask of Mr. Goddard. The court did not allow defense counsel to finish the cross-examination.

It is provided in 17 A.R.S., Rules of Criminal Procedure, rule 19.3.c(1)(i), that prior testimony is admissible if the party against whom the former testimony is offered was given "the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he now has * * *." The Supreme Court, in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) suggested that a witness' preliminary hearing testimony would have been admissible had the witness been unavailable at trial because, among other reasons, counsel had every opportunity to cross-examine the witness at the hearing.

■ It is within the trial court's discretion to decide if defense counsel had sufficient opportunity to cross-examine the witness at the prior proceeding. *State v. Galvan*, 108 Ariz. 212, 495 P.2d 442 (1972). Absent an abuse of discretion, this judgment will not be disturbed on appeal. *Id.* Inspection of the direct and cross-examination of Mr. Goddard, as well as the 119 questions proffered by defense counsel, leads us to conclude that the scope of counsel's cross-examination of this witness was significantly limited. The trial court, therefore, abused its discretion when it found counsel's opportunity to cross-examine Mr. Goddard adequate.

■ For the foregoing reasons, we find that the admission of the preliminary hearing transcript at trial violated defendant's Sixth Amendment confrontation right. Additionally, and for the same reasons, the court erred in permitting the introduction of Mr. Goddard's preliminary hearing identification of the defendant at a Dessureault hearing.

This error cannot be considered harmless. *See State v. Hughes*, 120 Ariz. 120, 584 P.2d 584 (App.1978). Mr. Goddard's testimony was not cumulative, and without it, the jury might have believed that defendant did not possess the knowledge that the car was stolen.[1]

Because of the likelihood that issues (2) and (3) will reoccur upon retrial we choose

---

1. The only other evidence tending to demonstrate this guilty knowledge was the testimony of two police officers, which, if believed, estab-

lished that defendant gave conflicting stories to the officers as to how he acquired the car. Defense counsel, however, was able to cast

to rule upon them: The Court of Appeals' treatment of those issues is hereby approved. Since issues (4) and (5) may not reoccur upon retrial, we will not decide those issues.

We reverse defendant's conviction and sentence and remand to the Superior Court for a new trial. The opinion of the Court of Appeals, 123 Ariz. 175, 598 P.2d 994 (App.1978) is vacated.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

serious doubt upon the testimony of one of the officers, and the statement made by defendant to the other officer was corroborated by a defense witness.