Argued and submitted September 26,
affirmed December 10, 1979

STATE OF OREGON,
*Respondent,*

*v.*

JOHN WESLEY BARGER,
*Appellant.*

(No. 76-2339, CA 12571)

603 P2d 1240

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

[659]

Michael J. Francis, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant appeals from his conviction for the crime of Ex-Convict in Possession of a Firearm, ORS 166.270. We affirm.

Defendant first assigns as error the denial by the trial court of his motion to suppress a gun found by police in the house where he was arrested. Defendant's motion to suppress was based upon several theories, but only that of consent to search was argued at the motion hearing or raised on appeal. The motion stated in relevant part that "there was no valid consent to the search or seizure * * *." The accompanying memorandum stated that no consent to search was asked of anyone and no consent was given. At the suppression hearing the Oregon State Police Officer who had found the gun testified that he had been advised by an informant that defendant, who was wanted for Second Degree Robbery, was staying at a certain Springfield address but would leave shortly. The officer, in the company of about five other officers, entered the residence without a warrant and arrested defendant.

The officer testified that after defendant had been removed, he had spoken with the woman who lived in the house, and asked her if there were any weapons in the house. When she said "no," he asked her where defendant slept and she motioned to a bedroom. The officer stated that he then asked her if she would mind if he looked around and she replied, "No. Look anywhere." He then asked her which of two single beds defendant had been sleeping in. When she pointed it out, he pulled up the mattress and found the subject weapon.

The woman testified that she had not been asked permission to search and had not given it. At times this was expressed unequivocally and at times in terms of her not thinking she had done so.

Throughout the testimony defense counsel repeatedly framed the question as being whether or not

consent had been given. At the close of testimony both attorneys stated that the main question was one of credibility. In his comments, the trial judge stated that the officer's testimony was more believable because the woman had several times stated her inability to remember certain incidents. The judge issued an order denying the motion without findings of fact.

On appeal, defendant does not argue that consent was not given but contends that the motion should have been granted because the state did not carry its burden of proving that the consent was voluntary. Defendant did not raise the issue of voluntariness below and we will not address it for the first time on appeal. *State v. Westbrook,* 5 Or App 33, 482 P2d 547 (1971).

Defendant next assigns as error the trial court's denial of his motion for a rehearing of the motion to suppress. The motion for a rehearing was based on "the appearance of impropriety" in the judge's behavior. The motion was accompanied by affidavits from defendant and his attorney which stated that immediately prior to the motion to suppress hearing the judge had entered the courtroom with the officer who was state's witness, and that the two appeared to be finishing a conversation and exchanging pleasantries. The judge whose behavior was in question held a hearing and denied the motion.

Defendant contends that the judge erred in hearing the motion himself and in holding the hearing outside the presence of defendant. We need not reach either of these contentions since defendant did not preserve his objection when the alleged impropriety was observed at the motion to suppress hearing, but rather waited until after the entire procedure was over to file a motion for rehearing. This was the sort of situation addressed by the Supreme Court in *State v. Langley,* 214 Or 445, 315 P2d 560, 323 P2d 301 (1958) wherein the court stated:

"* * * [Y]et the rule is that when a party having knowledge of an error or an irregularity during the trial fails to call it to the attention of the court and remains silent, speculating on the result, he is deemed to have waived the error, and the denial of a motion for a new trial based upon that ground presents no reviewable question. * * *" 214 Or at 477.

We will not review the manner in which the judge handled the hearing on the motion for rehearing since the objection which was the basis for the motion for rehearing was not preserved at the motion to suppress hearing.

Finally, defendant contends that the trial court erred in denying his motion for a mistrial and in overruling his objection to testimony about prior unlawful conduct of the defendant.

At trial, the state put on a witness who said that he recognized defendant as a man he had seen in Portland in September of 1975, a date nearly three years before the trial. The witness further identified the gun found by police in defendant's bed as one defendant had been carrying when seen in September of 1975. The state asked the witness to tell the jury, without going into details, over how long a period he had viewed defendant with the gun. The witness stated it had been 15 to 20 minutes.

Defense counsel then cross-examined the witness. His questions were directed toward showing bias of the witness and casting doubt upon the identification of someone seen so long ago.

The following morning when the trial resumed, defense counsel asked the judge outside the presence of the jury to grant a mistrial, stating he had been placed "on the horns of a dilemma" by the state's introduction of this witness because he could not challenge the witness' identification of defendant and the gun without opening the door to the state's showing the circumstances of the identification. The trial court

refused to grant the mistrial and defense counsel continued his cross-examination of the witness.

On redirect, the state asked the witness to recount the circumstances surrounding his viewing of defendant. Over defense objection, the witness recounted in some detail that defendant in the company of others had entered his house, threatened his life and stolen some money. He was able to recount the details of what was said and what defendant had been wearing.

We agree with the trial judge's response to the motion in which he stated in pertinent part:

"* * * Certainly a lot of trial work presents both sides with dilemmas but that's what the trial is all about, that's what trial lawyers' work is all about. Lawyers have to make choices, tactical choices, choices that have to be made in making a determination of what the impact is.

"I think those choices have been made in this case. * * *"

Defendant's objection to the state's introduction of evidence about his past wrongful conduct was properly overruled. Defendant knew that questioning the witness about the accuracy of his identification would open the door to prosecution questions about the circumstances of the identification. Having opened the door, defendant cannot be heard to complain because the prosecution stepped through. *State v. Rowley,* 6 Or App 13, 485 P2d 1120 *rev den* (1971); *State v. Keith,* 2 Or App 133, 465 P2d 724 *rev den* (1970).

Affirmed.