## STATE OF OREGON,
*Respondent,*

*v.*

## LARRY JAMES HART,
*Appellant.*

## (85-1890; CA A40454)

733 P2d 469

Lawrence J. Hall, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals from a judgment of conviction for burglary in the second degree, contending that the trial court erred in overruling his objection to a witness' statement that defendant had admitted committing another robbery over a year earlier. We affirm.

Defendant was arrested for a tavern burglary and thefts from the vending machines and video games inside. The evidence at trial established that, on the morning after the burglary, defendant was wearing boots with a tread pattern similar to a bootprint found on a menu on the tavern floor and that he was in possession of a large quantity of quarters, totalling about the same amount as the coins that were stolen from the tavern.

Defendant called as a witness a former cab driver to testify that he had observed defendant over a year before the burglary with money bags that appeared to contain coins:

"Q. What did he have with him?

"A. He had a couple money bags.

"Q. Would you describe them.

"A. They were probably about 9-10 inches tall and they had drawstrings on the top, there was some writing on the side.

"Q. What were they made out of?

"A. It looked like they were made out of canvas.

"Q. How many of them were there?

"A. Two.

"Q. Did you make any later observations about the bags or what was in them?

"A. It looked to be money.

"Q. Why do you say that?

"A. They were heavy, and I believe he mentioned that's what was in them.

"Q. Did you hear any sound?

"A. It was a loud thud when he set them on the floorboard of the cab."

On cross-examination, the prosecutor asked what

defendant had said at that time. Defendant objected, and the witness' answer was given out of the jury's presence. Defendant objected on the grounds that the answer was irrelevant and that it was inadmissible evidence of a prior bad act. The court overruled defendant's objection, stating:

"This witness testified, that it looked to be money, it was heavy, and I believe [defendant] mentioned something about it being money * * * and I think that the State is entitled to cross examine as to what he did say about it to determine what this person can remember about it.

"* * * * *

"I think the State is entitled to inquire as to just what was said with respect to the matter of the money bags and I will allow it."

In the jury's presence, the prosecutor then asked:

"Q. Did the Defendant make any comments to you as to this money, as to if it were money and where he got it?

"A. He didn't say specifically that what was in the bags was money, he said that he really messed up and broke into a place and had just been out of prison for a day, and he did say, yeah, that he broke in and robbed a place. And that's where I assumed that what was in the bags was from that.

"Q. What was in the bag was whatever he allegedly robbed.

"A. Yeah."

Defendant contends that the trial court erred in overruling his objection to the questions, because the answers were irrelevant and invited the jury to base its decision on his character and his past rather than on evidence pertaining to the charges.

■ The first issue is whether the evidence is relevant. On direct examination, the witness had testified that the money bags appeared to contain money. On cross-examination, the prosecutor asked what was said as to whether it was money. The question was clearly relevant to the witness' knowledge of a matter about which he testified on direct examination. *See* OEC 611(2); McCormick, *Evidence* 63, § 29 (3d ed 1984). The test for relevancy on cross-examination is whether the evidence might shed light on the reliability of the direct testimony. It was admissible for that reason.

■    Our next inquiry, under OEC 403, is whether the probative value of the evidence of the prior act is

> "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

Applying the factors set forth in *State v. Johns,* 301 Or 535, 557, 725 P2d 312 (1986), we find nothing in the witness' answer that required the trial court to exclude it. Defendant had opened the door to the line of questioning and cannot now successfully argue that the evidence was unfairly prejudicial. *See State v. Barger,* 43 Or App 659, 664, 603 P2d 1240 (1979).

■    Defendant also contends that, because the menu found on the tavern floor with a boot print on it was found by the tavern owner after the police had made their initial investigation and departed, it should not have been admitted in evidence. That contention has no merit and, even if it did, we would decline to address it, because defendant did not preserve the claim of error. ORAP 7.19(5); *Shields v. Campbell,* 277 Or 71, 79, 559 P2d 1275 (1977); *Shivers v. Riney,* 72 Or App 281, 288, 695 P2d 951 (1985).

Affirmed.