Argued September 23, affirmed November 16, petition for
rehearing denied December 8, 1970, petition for
review denied January 12, 1971

STATE OF OREGON, *Respondent, v.*
ROUIE LAWTON, *Appellant.*

476 P2d 821

*Howard R. Lonergan,* Portland, argued the cause
and filed the briefs for appellant.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort,
Judges.

SCHWAB, C. J.

The defendant, charged with first-degree murder, was convicted upon trial by jury of manslaughter. The sole question presented on appeal is whether a person who claims to have killed in self-defense must have acted in a belief that his action was necessary as judged from the standpoint of a reasonable man under the same circumstances, or whether a person may kill if he subjectively believes he is using the force reasonably necessary to defend himself, without regard to the reasonableness of that belief.

The trial court instructed the jury:

"The defendant has contended that his conduct was in defense of his person. In this connection it is lawful for a person who is being assaulted and who has reason and grounds for believing that bodily injury is about to be inflicted upon him to stand his ground and in defending himself from such attack he may use all force and means which he believes to be reasonably necessary, and which would appear to a reasonable person in the same or similar circumstances to be necessary to prevent the injury to his person, which appears or appeared to be imminent.

"* * * The kind and degree of force which a person may lawfully use in self-defense is limited by what a reasonable person in the same situation as such person, seeing what he sees and knowing what he knows, then would reasonably believe to be necessary."

The defendant raised the issue by the following exception to the quoted instruction:

"* * * And I except to so much of the instruction as to the requirement that the defendant have reasonable grounds to fear bodily injury that

it appear reasonable and necessary to a reasonable person, and he takes action which a reasonable person would take."

Although there is an occasional holding[1] to the effect that the defendant will be excused if he acted from an honest belief in the greatness and imminence of his peril, most jurisdictions, including Oregon, further require that the slayer's belief be reasonable. Perkins, Criminal Law 884 (1957). *State v. Hansen,* 3 Or App 378, 474 P2d 17 (1970); *State v. Holbrook,* 98 Or 43, 188 P 947, 192 P 640, 193 P 434 (1920); *State v. Finch,* 54 Or 482, 103 P 505 (1909); *State v. Doherty,* 52 Or 591, 98 P 152 (1908). *See also, State v. Weber,* 246 Or 312, 423 P2d 767, *cert denied* 389 US 863, 88 S Ct 121, 19 L Ed 2d 131 (1967). The instruction excepted to accurately stated the law of this state.

Affirmed.

[1] Grainger v. The State, 13 Tenn 459 (5 Yerger 1830).