Argued and submitted June 16, reversed and remanded September 10, 1997

# STATE OF OREGON,
*Appellant,*

*v.*

# PAUL L. JACKSON,
*Respondent.*

(95-7250; CA A95430)

945 P2d 544

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

In this prosecution for driving under the influence of intoxicants (DUII), ORS 813.010, the state appeals from the trial court's order suppressing evidence obtained after a stop of defendant's car. ORS 138.060(3). We review for errors of law, ORS 138.220, and reverse and remand.

On October 7, 1995, at approximately 12:35 a.m., Officer Merila of the Clatskanie Police Department received information from a passing motorist that a car was in a ditch alongside Highway 30. Merila drove eastbound along Highway 30 looking for the car. Four minutes later, Merila saw a car in the westbound lane driving toward him. The car was dragging its tailpipe on the highway, creating a shower of sparks behind it. Merila turned his patrol car around and followed the car. He observed that the car was traveling 20 to 25 miles per hour below the posted speed limit and that its rear bumper was dented and muddy. Merila turned on his patrol car's overhead lights and attempted to pull over the car. Defendant, the driver and sole occupant of the car, did not stop. Instead, defendant turned off the highway and drove four to five blocks at a very slow rate of speed before stopping in the middle of the street in front of his house. After defendant stopped, Merila approached him, conducted an investigation and subsequently arrested him for DUII.

Defendant moved to suppress all evidence obtained following the stop of his car on the ground that Merila had "no legal basis to effectuate the stop." The state argued that the stop was lawful, because Merila observed defendant commit several traffic infractions, including dragging the car's tailpipe on the highway in violation of ORS 818.320.[1] Defendant responded that ORS 818.320 does not apply to a dragging tailpipe. The trial court initially denied defendant's motion to suppress, reasoning that:

---

[1] ORS 818.320 provides, in part:

"(1) A person commits the offense of dragging objects on a highway if the person does any of the following:

"(a) Drives or moves on a highway any vehicle or combination of vehicles that is dragging upon or over the surface of the highway any logs, poles, piling or other thing."

"The argument that's made by [defendant] is that [ORS] 818.320 applies to a permit violation. I would * * * have to find that while indeed a person who intends to drag something on a highway can get a permit for that activity, that offense would apply to something being * * * dragged on the roadway, including a part of the vehicle such as the tailpipe or a muffler. So I would find that, based on that motor vehicle's violation, that the officer did have sufficient grounds on which to stop the vehicle, so I would have to deny the motion to suppress based on an invalid stop."

After the hearing, defendant submitted a memorandum arguing that, by its terms, ORS 818.320 prohibits the dragging of "logs, poles, piling or other thing[s]." Citing principles of statutory construction, defendant argued that the provision of ORS 818.320(1)(a) that prohibits the dragging of an "other thing" is limited to items similar in nature to logs, poles and pilings and that Merila had no statutory basis to stop defendant, because defendant's conduct did not violate ORS 818.320. The trial court agreed, concluding that ORS 818.320 does not prohibit the dragging of a tailpipe. Consequently, the court ruled that Merila's stop of defendant was unlawful and granted defendant's motion to suppress.

On appeal, the state relies on *State v. Matthews*, 320 Or 398, 884 P2d 1224 (1994), for the proposition that, even assuming that ORS 818.320 does not apply in this case, the stop was lawful, because Merila had probable cause to believe that defendant had committed a traffic infraction. We agree.

It is well established that "an officer who stops and detains a person for a traffic infraction must have probable cause to do so, *i.e.*, the officer must believe that the infraction occurred, and that belief must be objectively reasonable under the circumstances." *Matthews*, 320 Or at 403. To justify a stop, the state is not required to prove that the driver in fact committed the alleged infraction. The purpose of authorizing a stop is to give the officer an opportunity to investigate whether an infraction occurred, and

"[i]t would make little sense for the legislature to authorize a police officer to 'investigate' a traffic infraction *after* making a stop if the statute also required the police officer to

know the facts necessary to prove that the infraction actually had occurred *before* making the stop."

*Id.* at 401 (emphasis in original). Moreover, an officer's inability to identify the specific law violated or an officer's mistaken identification of the wrong statute violated does not make a stop unlawful. *Id.* at 404. The key is whether the officer had probable cause to believe that a traffic infraction had occurred.

■ Merila testified that he believed that driving a car with a dragging tailpipe is a traffic infraction. The state directs our attention to several statutes that give credence to Merila's belief: ORS 815.020 prohibits operation of unsafe vehicles; ORS 815.245 specifies minimum clearance requirements for passenger vehicles; and ORS 815.250 requires vehicles to have proper exhaust systems. Merila was entitled to stop defendant to investigate any of these infractions even if he were uncertain exactly which statute defendant had violated. *See State v. Baer*, 97 Or App 467, 776 P2d 876 (1989) (officer had probable cause to stop an out-of-state vehicle for the traffic infraction of failure to display license plates even though the officer did not know the specific license plate requirements of the other state). Because Merila had probable cause to believe that defendant had committed a traffic infraction, the trial court erred in granting defendant's motion to suppress.

Reversed and remanded.