Argued and submitted October 28, 2009, affirmed March 10, petition for review denied June 24, 2010 (348 Or 461)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW LEE BASSETT,
*Defendant-Appellant.*

Multnomah County Circuit Court
080141146; A138837

228 P3d 590

Kenneth A. Kreuscher, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant, who was convicted following a jury trial of assault in the fourth degree, ORS 163.160(1),[1] appeals. He assigns error to an instruction that the trial court gave in response to the jury's inquiry regarding the proper relationship between defendant's voluntarily intoxicated condition at the time of the incident and his defense of self-defense. We conclude that the court's instruction comported with the consensus of authority and with the dictates of ORS 161.125(1).[2] Accordingly, we affirm.

The state charged defendant with assault in the fourth degree, ORS 163.160(1). Evidence presented at trial showed that defendant was intoxicated at the time that he committed the alleged offense. Defendant did not dispute that he assaulted the victim, but he presented evidence that he acted in self-defense. Accordingly, the trial court instructed the jury on defendant's claim of self-defense using a slightly modified version of Uniform Criminal Jury Instruction 1107:

"The defense of self-defense has been raised.

"A person is justified in using physical force upon another person to defend himself from what he reasonably believes to be the use or imminent use of unlawful physical force. In defending, a person may only use that degree of force which he reasonably believes to be necessary.

"The burden of proof is on the state to prove beyond a reasonable doubt that the defense does not apply."

During deliberations, the jury submitted a question to the court, which asked, "Who[se] def[inition] of reasonable

---

[1] ORS 163.160(1) provides, in part:

"A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another[.]"

[2] ORS 161.125(1) prescribes when evidence of a defendant's intoxication may be used to defend against a criminal charge. It states, in part:

"[V]oluntary intoxication shall not, as such, constitute a defense to a criminal charge, but in any prosecution for an offense, evidence that the defendant * * * was intoxicated may be offered by the defendant whenever it is relevant to negative an element of the crime charged."

are we supposed to use? Our definition (jury's) or the defendant's in his impaired state as was described to us through his testimony?" In response, the trial court proposed instructing the jury as follows:

> "You have asked whether the term reasonable in the definition of self-defense is to be judged according to the standpoint of the jury, or according to the standpoint of the defendant in his impaired condition.

> "Voluntary intoxication is not to be considered by you to change the standard of reasonableness. The law provides that reasonableness must be judged by the jury from the standpoint of a reasonable man in the situation of the defendant at the time under all the circumstances surrounding him."

Defendant objected to the trial court's proposed instruction on the ground that it effectively told the jury that it could not consider defendant's voluntary intoxication in determining whether defendant "reasonably believe[d]" that self-defense was justified. Specifically, defendant contended that, because the state had the burden of proving that he did not act in self-defense, ORS 161.055,[3] the unreasonableness of defendant's belief in the need for self-defense was, functionally, "an element" of the state's case. Accordingly, invoking ORS 161.125(1), defendant argued that evidence of his voluntary intoxication was relevant to "negate" that "element" of the state's case. That is, defendant contended that, in assessing the reasonableness of his belief regarding the nature of the threat presented, the jury was required to assess the totality of his circumstances, including his voluntarily intoxicated condition. Thus, according to defendant, to the extent that his intoxicated condition militated towards a determination of reasonableness, it concomitantly

---

[3] ORS 161.055 provides, in part:

"(1) When a 'defense,' * * * is raised at a trial, the state has the burden of disproving the defense beyond a reasonable doubt.

"* * * * *

"(3) The state is not required to negate a defense as defined in subsection (1) of this section unless it is raised by the defendant. 'Raised by the defendant' means either notice in writing to the state before commencement of trial or affirmative evidence by a defense witness in the defendant's case in chief."

"negate[d]" the state's "elemental" disproof of his defense of self-defense.

■    Ultimately, the trial court rejected defendant's argument and instructed the jury consistently with its proposed instruction. The jury subsequently convicted defendant. On appeal, defendant assigns error to the trial court's instruction on voluntary intoxication, reiterating and elaborating on the arguments he made at trial. We review the trial court's instruction for errors of law. *State v. Moore*, 324 Or 396, 427, 927 P2d 1073 (1996).

■    The question of whether a defendant's voluntary intoxication is a circumstance that is relevant for assessing the reasonableness of a defendant's beliefs or conduct for the purposes of the defense of self-defense appears to be one of first impression for Oregon appellate courts. Defendant has cited no case law from jurisdictions that permits a jury to take into account a defendant's voluntary intoxication as it pertains to his or her claim of self-defense. Indeed, as far as we can ascertain, the law is uniformly to the contrary. *See* Wayne R. LaFave, 2 *Substantive Criminal Law* § 9.5(d), 51 (2d ed 2003) (where a defendant's intoxication is voluntary "he does not have the defense of self defense, which requires that the defendant appraise the situation as would a reasonable *sober* man" (emphasis in original)). *See also United States v. Weise*, 89 F3d 502, 505 (8th Cir 1996) (concluding that "the district court properly told the jury to disregard [the defendant's] intoxication when deciding if [the defendant's] belief of imminent peril was founded on reasonably perceived circumstances"); *United States v. Yazzie*, 660 F2d 422, 431 (10th Cir 1981), *cert den*, 455 US 923 (1982) (concluding that trial court did not err in instructing the jury to disregard the defendant's intoxication as it related to his defense of self-defense).[4]

---

[4] A variety of state appellate courts have reached the same conclusion. *See, e.g.*, *People v. Vasquez*, 148 P3d 326, 330 (Colo Ct App 2006), *rev den*, No. 06SC556, 2006 WL 3404625 (Colo, Nov 27, 2006) (holding that, "[b]ecause the reasonable person standard requires a 'defendant [to] appraise the situation as would a reasonable *sober* [person],' evidence of voluntary intoxication is irrelevant" to the defendant's affirmative defense of self-defense (quoting LaFave, 2 *Substantive Criminal Law* § 9.5(d) at 51) (brackets in *Vasquez*; emphasis in original)); *State v. Brown*, 22 Conn Ct App 521, 529, 577 A2d 1120, 1125, *rev den*, 216 Conn 825 (1990) ("The defendant would have us abandon the requirement that his conduct be judged

■ The apparent universal rejection of defendant's argument comports with legal and common sense. A defendant is justified in using self-defense only when he or she "reasonably believes" that force is necessary to guard against "the use or imminent use of unlawful physical force" against the defendant or a third person, and the defendant uses the "degree of force which [he or she] reasonably believes to be necessary." ORS 161.209. A defendant's subjective "honest belief" that a perceived threat is great or imminent is not enough to justify his or her use of self-defense. *State v. Lawton*, 4 Or App 109, 110-11, 476 P2d 821 (1970), *rev den* (1971). The defendant's belief must also be objectively reasonable, as judged "from the standpoint of a reasonable [person] under the same circumstances." *Id.* at 110. Determining a defendant's "reasonable belief" from the perspective of an intoxicated person would contradict the objective "reasonable person" standard that the defense demands.

Nonetheless, defendant contends that, by its terms, ORS 161.125 permits the jury to consider evidence of defendant's voluntary intoxication in assessing the reasonableness of his beliefs or conduct in self-defense. Again, ORS 161.125(1) provides, in part:

> "[V]oluntary intoxication shall not, as such, constitute a defense to a criminal charge, but in any prosecution for an offense, evidence that the defendant * * * was intoxicated may be offered by the defendant whenever it is relevant to negative an element of the crime charged."

Defendant's theory, as we understand it, proceeds as follows: (1) Because defendant raised a self-defense defense, the state has the burden of proving beyond a reasonable doubt that the defense does not apply. ORS 161.055. (2) To meet that burden, the state must necessarily prove that self-defense was not justified—in other words, that defendant's belief as to the

---

ultimately against that of a reasonably prudent person and replace it with what might be euphemistically called the 'reasonably prudent drunk' rule. This we decline to do."); *Commonwealth v. Barros*, 425 Mass 572, 576, 682 NE2d 849, 853 (1997) ("The defendant's belief cannot be deemed reasonable on the ground that, due to intoxication, he misapprehended the situation."); *State v. Wheelock III*, 158 Vt 302, 308, 609 A2d 972, 976 (1992) ("Although individual attributes * * * are relevant to whether defendant's beliefs are reasonable [for the purposes of the self-defense defense], voluntarily induced states of mind such as those caused by drug and alcohol ingestion are not.").

necessity of that self-defense was not reasonable. (3) The unreasonableness of defendant's belief in the need for self-defense is, therefore, functionally, an "element of the crime" that the state is required to prove.[5] (4) Because evidence of defendant's voluntary intoxication is relevant to "negative" that "element" of the state's case—that is, to establish that defendant's belief *was* reasonable, it is authorized under ORS 161.125(1). (5) Thus, the trial court's instruction violated the dictates of ORS 161.125(1).

Defendant's argument so framed turns on the proper understanding of the term "element of the crime charged" in ORS 161.125(1). In construing that term, we adhere to the methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), as modified by ORS 174.020 and *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). According to that methodology, we examine the text and context of the statute, as well as any legislative history offered by the parties that, in the court's determination, is pertinent. *Gaines*, 346 Or at 171-72.

"[E]lement of the crime" is not defined in Oregon's Criminal Code. However, in ordinary usage, an "element of the crime" is commonly understood to refer to an element of the state's *prima facie* case, as distinct from a component of a defense. *See, e.g.*, *Black's Law Dictionary* 597 (9th ed 2009) (defining "elements of crime" as "[t]he constituent parts of a crime—usu. consisting of the actus reus, mens rea, and causation—that the prosecution must prove to sustain a conviction," and distinguishing the broader definition adopted by the Model Penal Code in section 1.13(9)). The text of the statute, which refers specifically to the "element of the crime

---

[5] As support for that proposition, defendant invokes *State v. Whitney-Biggs*, 147 Or App 509, 936 P2d 1047, *rev den*, 326 Or 43, *supplemental* pro se *petition for rev den*, 326 Or 58 (1997). Contrary to defendant's understanding, we determined that defendant's "reasonable belief" was an "essential element" of her *self-defense defense* for the purposes of determining whether certain evidence was admissible under OEC 404(1) (providing that "[e]vidence of a person's character or trait of character is admissible when it is an essential element of a charge, claim or defense"). *Whitney-Biggs*, 147 Or App at 527-28 (citing *State v. Lunow*, 131 Or App 429, 885 P2d 731 (1994)). We did not hold, as defendant suggests, that a defendant's "reasonable belief" as it pertains to his or her self-defense claim is an element of the substantive offense.

*charged,"—i.e.*, "charged" as distinct from "as defended"—comports with that understanding.

Indeed, our review of the history of the 1971 omnibus revisions of the Criminal Code discloses that the Criminal Law Revision Commission considered, but decided not to adopt, the Model Penal Code's broad definition of "element of an offense," which, *arguably*, could have supported defendant's theory here. Under that definition, "element of an offense" includes such conduct, attendant circumstances, or results of conduct that "negatives an excuse or justification for such conduct," including the justification of self-defense. I Model Penal Code and Commentaries § 1.13(9), 209 (Official Draft and Revised Comments 1985). However, as noted, the commission decided against adopting the Model Penal Code's definition of the term. *See* Minutes, Criminal Law Revision Commission, Subcommittee No. 1, Mar 4, 1969, 2.[6]

In sum, the trial court's instruction regarding the consideration of defendant's voluntarily intoxicated condition complied with the consensus of authority and the dictates of ORS 161.125(1).

Affirmed.

---

[6] Significantly, even if the legislature had adopted the Model Penal Code definition of "element of the offense," that would not have concluded the issue in defendant's favor. According to the Commentaries to the Model Penal Code, the definition of "element of the offense" in section 1.13(9) is "obviously too broad for the purpose of the culpability provisions[,]" which include the voluntary intoxication defense. I Model Penal Code § 1.13 comment at 211.