Argued and submitted January 28, reversed and remanded March 16, 2011

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# LAWRENCE LEE ELMORE,
*Defendant-Appellant.*

Jackson County Circuit Court
072684MI; A141274

250 P3d 439

Lindsey K. Detweiler, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Leigh A. Salmon, Assistant Attorney General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant, who entered a conditional plea of guilty, ORS 135.335(3),[1] for misdemeanor driving while suspended or revoked, ORS 811.182(4), appeals from the resulting judgment, assigning error to the trial court's denial of his motion to suppress evidence obtained as a result of a traffic stop. We agree with defendant that the stop violated Article I, section 9, of the Oregon Constitution[2] and that the evidence obtained was the unattenuated product of that illegality. Accordingly, because the trial court erred in denying defendant's motion to suppress evidence, we reverse and remand.

We take the uncontroverted facts from the testimony at the suppression hearing. On the morning of June 4, 2007, Deputy Cochran saw defendant driving his vehicle on a highway. Cochran testified that he noticed "a large crack in the windshield, which is a violation of statute, and so I pulled him over for that." Defendant testified that the crack "starts * * * on the driver's side four inches up from the bottom of the windshield. And then it progressively goes to the passenger side heading down towards the bottom of the windshield." According to defendant, the crack was "18 inches to two feet" long. When Cochran was asked how "a crack like that [would] obstruct the vision either into or out of the vehicle," he testified:

"[I]t depends. Some people drive around with big spiderwebs, that wasn't what this case was, you know, that would be more apparent. But anything as simple as one line, it may be in your direction of vision, it may be on the side of the window where you're looking through as you're turning or something like that. Another problem is because I had a cracked windshield with just one line that was cracked from a baseball game, is that cracked windshield will act like,

---

[1] ORS 135.335(3) provides:

"With the consent of the court and the state, a defendant may enter a conditional plea of guilty or no contest reserving, in writing, the right, on appeal from the judgment, to a review of an adverse determination of any specified pretrial motion. A defendant who finally prevails on appeal may withdraw the plea."

[2] Article I, section 9, provides, in part, that "[n]o law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]"

sometimes like a prism with that crack and you get cracked glass and when the sunlight shines through it it will, you know, glint and glare off of that crack which is distracting."

During the stop, Cochran learned that defendant "had a suspended license." Ultimately, Cochran cited defendant for driving with a suspended license, ORS 811.182(4), and gave him a warning concerning the windshield.

Defendant moved to suppress the evidence obtained as a result of the stop, contending that the deputy did not have probable cause to stop him for a traffic violation pursuant to ORS 815.220. As pertinent here, that statute prohibits driving a vehicle when the windshield is obstructed by

"*any material* that prohibits or impairs the ability to see into or out of the vehicle * * *. This subsection applies to any sign, poster, one-way glass, adhesive film, glaze application or other material if the material prohibits or impairs the ability to see into or out of the vehicle."

ORS 815.220(2) (emphasis added).

At the suppression hearing, defendant's attorney argued that, under ORS 815.220, a crack is not a "material that prohibits or impairs the ability to see into or out of the vehicle." Specifically, defendant's attorney stated:

"[T]he statute itself discusses materials that obstruct the window. And the particular examples it gives in the statute includes posters, signs, one-way glass, adhesive film and glaze application. This has to do with tinted windows and decals. And these are added materials to the window. In this case we have a crack, and I don't believe that a crack is within the statute even."

The state disagreed with defendant's understanding of ORS 815.220. Instead, the state contended that probable cause existed for the deputy to stop defendant under the statute because it proscribes "any impairment of seeing into or out of the vehicle."

The trial court denied defendant's motion, reasoning that the deputy had probable cause to stop defendant for a violation of ORS 815.220. Specifically, in its order, the court stated that

"Cochran had probable cause to stop the defendant to investigate the violation of having obstructed vehicle windows. * * * Cochran's probable cause was based on: 1) His subjective belief that it was more likely than not that the defendant had violated the statute; and 2) his belief was supported by objectively reasonable and articulable facts.

"The defendant's windshield was cracked at the time he [was] stopped."

After the court denied defendant's motion, he entered a guilty plea, reserving, in writing, the right to appeal the court's ruling on that motion. ORS 135.335(3). This appeal ensued.

■    On appeal, defendant reiterates his contentions before the trial court. Specifically, defendant asserts:

"Defendant drove a vehicle with a large crack along the bottom of his front windshield. Deputy Cochran stopped defendant because he believed that the crack was capable of obstructing defendant's ability to see out of the vehicle in violation of ORS 815.220. ORS 815.220 prohibits driving a vehicle when the windshield is obstructed by a 'material that prohibits or impairs the ability to see into or out of the vehicle.' Because a windshield crack is not a 'material' within the plain meaning of the word, Deputy Cochran did not have probable cause to believe that defendant violated the statute.

"Without probable cause to support the stop, defendant was stopped in violation of Article I, section 9[,] of the Oregon Constitution and in violation of ORS 810.410(3)(b). Thus, all evidence obtained as a result of the stop should be suppressed."

In response, the state contends that the deputy, after seeing the crack, had probable cause to stop defendant for a violation of ORS 815.220 because "[t]here was no way for the officer to determine whether the crack was a 'material' upon the windshield * * * without stopping defendant." Alternatively, the state contends that, even if the deputy lacked probable cause to stop defendant for a violation of ORS 815.220, the stop was lawful because the deputy had probable cause to believe that defendant committed *a* traffic infraction. In support of that contention, the state notes that defendant "possibl[y]" or "potentially" violated other

statutes—*viz.*, ORS 815.270 (operating a vehicle that is loaded or equipped to obstruct the driver), ORS 815.100 (operating a vehicle that violates certain Department of Transportation standards), ORS 815.020 (operating an unsafe vehicle), and ORS 815.210 (operating a vehicle without approved materials in the windows, *i.e.*, "a windshield or windows that do not conform" to Department of Transportation standards). Ultimately, the state posits that, "[b]ecause the officer had probable cause to believe that defendant's cracked windshield violated *a* traffic law, the stop was valid."[3] (Emphasis in original.)

We begin with defendant's contention concerning probable cause. In *State v. Tiffin*, 202 Or App 199, 203, 121 P3d 9 (2005), we explained:

> "An officer may lawfully stop and detain a person for a traffic infraction if the officer has 'probable cause to believe that an infraction has been committed.' *State v. Isley*, 182 Or App 186, 190, 48 P3d 179 (2002). 'Probable cause exists if, at the time of the stop, the officer subjectively believes that the infraction occurred and if that belief is objectively reasonable under the circumstances.' *Id.*"

In this case, defendant does not contend that the deputy lacked the subjective belief that defendant violated ORS 815.220. Instead, he challenges the objective reasonableness of that belief.

In *State v. Boatright*, 222 Or App 406, 410, 193 P3d 78, *rev den*, 345 Or 503 (2008), we summarized the general principles circumscribing our inquiry into whether an officer's belief is "objectively reasonable":

> "[A]n officer's belief may be objectively reasonable even if it turns out to be incorrect. Thus, probable cause may be based on a mistake of fact. Moreover, probable cause may

---

[3] We reject without discussion the state's assertion that, "[e]ven if the officer lacked probable cause to stop defendant, the status of defendant's driver's license is not subject to suppression[,]" because "the information defendant seeks to suppress was already within the state's collective knowledge through the state Department of Motor Vehicles." (Boldface omitted.)

be based on a mistake as to *which* law the defendant violated. Nevertheless, in order to satisfy the objective component, the facts that the officer perceives to exist must establish the elements of *an* offense, even if not the offense that the officer believed the defendant committed. Finally, although the facts as perceived by the officer must constitute the elements of an offense, in order to satisfy the objective component, an officer need not eliminate the possibility that a defense or exception to the offense applies."

(Internal quotation marks and citations omitted; emphasis in original.) As we summarized in *Tiffin*, and as pertinent in this case, "an officer's subjective belief that a traffic infraction occurred is objectively reasonable if, and only if, the facts as the officer perceived them actually satisfy the elements of a traffic infraction."[4] 202 Or App at 204. With that principle in mind, we turn to the crux of this case—that is, whether the deputy had objective probable cause to stop defendant for a violation of ORS 815.220.

ORS 815.220 provides, in part:

"(1)   A person commits the offense of obstruction of vehicle windows if the person drives or moves on any highway or owns and causes or knowingly permits to be driven or moved on any highway any vehicle with windows obstructed in a manner prohibited under this section.

"(2)   The windows of a vehicle are obstructed in a manner prohibited by this section if *any material* that prohibits or impairs the ability to see into or out of the vehicle is upon any vehicle window described in this subsection. This subsection applies to any sign, poster, one-way glass, adhesive film, glaze application or other material if the material prohibits or impairs the ability to see into or out of the vehicle. This subsection only applies to the following windows of the vehicle:

"(a)   The front windshield."

(Emphasis added.)

---

[4] *See also State v. Baker/Jay*, 232 Or App 112, 132, 221 P3d 749 (2009), *rev den*, 348 Or 280 (2010) ("[I]f the facts that the officer believed she observed, if true, would have constituted a traffic violation, then the officer's belief that a traffic violation occurred was objectively reasonable. In contrast, if the facts that the officer believed she observed, if true, would not constitute a traffic violation, the officer's belief that a traffic violation occurred was not objectively reasonable.").

The dispositive issue here is whether, for purposes of ORS 815.220(2), a crack is *"any material* that prohibits or impairs the ability to see into or out of the vehicle." (Emphasis added.) In resolving that issue, we adhere to the principles described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), as amplified in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). In general, "we examine the text and context of the statute, as well as any legislative history offered by the parties that, in the court's determination, is pertinent."[5] *State v. Bassett*, 234 Or App 259, 265, 228 P3d 590, *rev den*, 348 Or 461 (2010).

The term "material" is not defined in the statute; consequently, we look to its "plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. As pertinent, "material" is defined to variously mean (1) "the basic matter (as metal, wood, plastic, fiber) from which the whole or the greater part of something physical (as a machine, tool, building, fabric) is made"; (2) "the finished stuff of which something physical (as an article of clothing) is made"; or (3) "the whole or a notable part of the elements or constituents or substance of something physical ‹the solid ~s of the mixture will settle to the bottom of the container› or not physical ‹the ~ of his character was basically good›." *Webster's Third New Int'l Dictionary* 1392 (unabridged ed 2002). The essence of those definitions is that "material" is generally something that has physical substance.

"Material," in the context of ORS 815.220(2), unambiguously connotes something that has physical substance for two reasons. First, a physical substance is something that, in the terms of the statute, may be *"upon* any vehicle window." ORS 815.220(2) (emphasis added). Second, the statute itself refers to particular items that constitute "material"—*viz.*, "any sign, poster, one-way glass, adhesive film, glaze application"—all of which are things of physical substance. *Id.*

---

[5] The parties have not proffered any legislative history for our consideration. In his brief, defendant notes that "[t]he legislature first enacted ORS 815.220 as part of House Bill 2031 in 1983. Or Laws 1983, ch 338, § 490" and that a "survey of the committee minutes associated with that bill did not shed any light on the question of statutory interpretation at issue in this case."

Applying that construction to this case, we readily conclude that a crack is not a "material." As defendant posits, "a crack is not a tangible or physical object separate from the window itself. It does not have its own substance beyond pure window glass." Here, the deputy stopped defendant because he saw a crack in defendant's windshield.[6] Accordingly, because the facts, as the deputy actually perceived them, did not satisfy the elements of ORS 815.220(2), he lacked objective probable cause to stop defendant.

■　　Having concluded that the deputy lacked probable cause to stop defendant for a violation of ORS 815.220, we turn to the state's alternative contention that the deputy had probable cause to believe that defendant committed some other traffic infraction. The state is correct that "an officer's inability to identify the specific law violated or an officer's mistaken identification of the wrong statute violated does not make a stop unlawful" and "[t]he key is whether the officer had probable cause to believe that a traffic infraction had occurred." *State v. Jackson*, 149 Or App 662, 666, 945 P2d 544 (1997).

Nonetheless, we decline to address the state's alternative contention. The state's argument in the trial court focused exclusively on ORS 815.220—that is, the state did not point to any of the statutes that it now raises on appeal. Had the state attempted to rely on those statutes in the trial court, defendant might well have developed the record differently. *See Tiffin*, 202 Or App at 202 (declining to address the state's alternative "argument that the stop was lawful based on the officers' reasonable suspicion that defendant was driving under the influence because the state did not make that argument to the trial court"; reasoning that, "[h]ad the state done so, defendant might have developed a different record below").[7]

---

[6] The record is explicit in that respect. There is, for example, no suggestion that the deputy initially believed that the crack was some physical substance on the windshield and only later, after stopping defendant, saw that it was a crack.

[7] *See generally Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 660, 20 P3d 180 (2001) (the "right for the wrong reason" principle requires, among other things, "that the record materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below").

In sum, because the deputy lacked probable cause to stop defendant for a violation of ORS 815.220, the stop violated Article I, section 9, of the Oregon Constitution and the evidence obtained was the unattenuated product of that illegality. Accordingly, we conclude that the trial court erred in denying defendant's motion to suppress evidence.

Reversed and remanded.