JOINER, Judge,
concurring specially.
This case turns on whether a crack in a windshield violates § 82-5-215(a), Ala. Code 1975, which prohibits an obstruction of a driver’s view by a “nontransparent material upon the front windshield.” Specifically, the issue is whether a crack in a windshield is a “nontransparent material.”
The Court of Appeals of Oregon recently addressed this issue. In State v. Elmore, 241 Or.App. 419, 250 P.3d 439 (2011), that court held that a crack in a windshield is not a “material” and therefore is not prohibited under a statute that applied to “any material that prohibits or impairs the ability to see into or out of the vehicle.” The court stated:
“The dispositive issue here is whether, for purposes of ORS 815.220(2), a crack is ‘any material that prohibits or impairs the ability to see into or out of the vehicle.’ (Emphasis added.) ...
“The term ‘material’ is not defined in the statute; consequently, we look to its ‘plain, natural, and ordinary meaning.’ PGE [v. Bureau of Labor & Indus.], 317 Or. [606,] 611, 859 P.2d 1143 [(1993)]. As pertinent, ‘material’ is defined to variously mean (1) ‘the basic matter (as metal, wood, plastic, fiber) from which the whole or the greater part of something physical (as a machine, tool, building, fabric) is made’; (2) ‘the finished stuff of which something physical (as an article of clothing) is made’; or (3) ‘the whole or a notable part of the elements or constituents or substance of something physical <the solid ~ s of the mixture will settle to the bottom of the container> or not physical <the ~ of his character was basically good>.’ Webster’s Third New Int’l Dictionary 1392 (unabridged ed 2002). The essence of those definitions is that ‘material’ is generally something that has physical substance.
“ ‘Material,’ in the context of ORS 815.220(2), unambiguously connotes something that has physical substance for two reasons. First, a physical substance is something that, in the terms of the statute, may be ‘upon any vehicle window.’ ORS 815.220(2) (emphasis added). Second, the statute itself refers to particular items that constitute ‘material’ — viz., ‘any sign, poster, one-way glass, adhesive film, glaze application’— all of which are things of physical substance. Id.
“Applying that construction to this case, we readily conclude that a crack is not a ‘material.’ As defendant posits, ‘a crack is not a tangible or physical object separate from the window itself. It does not have its own substance beyond pure window glass.’ Here, the deputy stopped defendant because he saw a crack in defendant’s windshield. Accordingly, because the facts, as the deputy actually perceived them, did not satisfy the elements of ORS 815.220(2), he lacked objective probable cause to stop defendant.”
Elmore, 241 Or.App. at 426-27, 250 P.3d at 443 (footnotes omitted).
In the present case, counsel for J.D.I. argued as follows at the suppression hearing:
“MR. WHITE: Judge, let me ask you this. ‘Other nontransparent material.’ Is the court finding that a crack — I mean, it doesn’t say cracked windshield.
“THE COURT: It doesn’t have to say cracked.
“MR. WHITE: Well, it says ‘signs.’ It says ‘posters.’
“THE COURT: It also says ‘nontransparent.’
“MR. WHITE: Material.
“THE COURT: That’s right.
*623 “MR. WHITE: And is the Court finding that a crack—
“THE COURT: That’s a crack.
“MR. WHITE: — is a nontransparent material?
“THE COURT: Yes.
“MR. WHITE: Because I would argue that material, Judge, is a substance.
“THE COURT: You think so. I am saying, no, that law covers it.
“MR. WHITE: Well, let me just put this on record for the court. That other — nowhere in subsection (a), which I think the officer said he was traveling under, does it say a cracked windshield.
“THE COURT: I agree with you.
“MR. WHITE: Okay. It talks about which obstructs. But when it talks about obstructs, it means sign, poster or nontransparent material. So I would argue for the court, because it’s not clearly defined in my humble opinion. Material, I think, a common thumb down version means a substance, a hat, a shirt, a cat, something that you can feel and touch, a material, a meteorite, a rock, anything. But a material. Judge—
“THE COURT: And the Court is disagreeing.
“MR. WHITE: Okay. I understand you are. I respect that. I want the— that’s another issue that I have is that the definition of non — under subsection 32-5-215(a) nowhere, anywhere, unless I have missed it, does it mention under subsection (a) a cracked windshield.
“THE COURT: It doesn’t. It doesn’t. Okay. You’re exactly right. That’s why we need to take it up on appeal. There is about 20 issues in this one little suppression hearing that could be appealed that they need to give us some guidance on. So get right.”
(R. 44-16.)
Based on defense counsel’s argument at the suppression hearing and the reasoning applied by the Court of Appeals of Oregon in Elmore, I agree that a crack in a windshield is not a “nontransparent material,” and I concur with the Court’s holding today that a cracked windshield does not violate § 32-5-215(a), Ala.Code 1975.
Because a cracked windshield might nonetheless impair a driver’s visibility or pose other safety hazards on the road, I encourage the Alabama Legislature to consider amending § 32-5-215, Ala.Code 1975, to include, as a violation of subsection (a), a crack in a windshield “which obstructs the driver’s clear view of the highway or any intersecting highway.”